The State of Florida ex rel. The Dowling Company, a corporation, and Will Townsend, *Relators*, v. L. L. Parks, as Judge of the Thirteenth Judicial Circuit of Florida, and Jesse Hires, *Respondents*.

Division A.

Opinion filed June 6, 1930.

*Wm. Hunter* and *McKay, Withers & Ramsey*, for Relators ;-

*Milton L. Yeats*, for Respondents.

ELLIS, J.—This is a case of original jurisdiction in mandamus. An alternative writ was issued by this Court directed to L. L. Parks, as judge of the Thirteenth Judicial Circuit of Florida, and Jesse Hires commanding the former to make and enter a final decree in accordance with an opinion, decision and mandate of this Court in a cause pending here, wherein The Dowling Company is appellant and Jesse Hires is appellee, or to show cause why the decree should not be entered.

The respondents answered setting up in substance that under the mandate of this Court issued in the cause the respondent exercised his judicial functions, powers and discretion in the premises and decided that "the decree herein heretofore entered and appealed from is right, just and proper and being unable to determine from the said opinion, decree and mandate of the Supreme Court aforesaid in what respects said original decree herein entered is erroneous, and for what reason and as to what property therein involved the said decree was and is reversed," etc., "declines and refuses to enter any decree herein other than a decree to the same effect as herein heretofore entered, not being able to determine in what manner the

original decree should be modified, and from which appeal was taken."

There was a demurrer to the return. A motion to quash the alternative writ by respondents and a motion for a peremptory writ by relators. All of these assaults upon the return and the writ itself present the question only of the sufficiency of the return.

The duty of the circuit judge under the circumstances was merely a ministerial one to enter a correct decree in accordance with the opinion and decision of this Court. See State ex rel. Sanchez v. Call, 36 Fla. 305, 18 So. R. 771; State ex rel. Claar et al. v. Branning, 85 Fla. 61, 95 So. R. 237; State ex rel. Triay v. Burr, 79 Fla. 290, 84 So. R. 61.

It may be gathered from the return of the respondent circuit judge that he differed from the views expressed by the Supreme Court in the opinion and decision referred to in the writ and that the opinion and decision left in him the discretion to again review the facts of the case and if he arrived at the same conclusion as expressed in his decree to reaffirm that decree notwithstanding the judgment of this Court to the contrary.

Although such a position may seemingly be sustained by a show of reason it is fundamentally unsound and proceeds upon the assumption that the decision of this Court left any matter whatsoever to the chancellor's discretion. The decree entered by the chancellor was erroneous; definitely decided to be so by this Court. It was erroneous in that it applied to lands of which the complainant was not shown to have had actual possession. That fact was determined by this Court and the Court certainly had definitely in mind what particular lands claimed by the complainant were improperly included in the injunction. The fact that the opinion did not identify them by descriptions according

to United States survey or metes and bounds does not negative the idea that such lands were definitely ascertained by the appellate court.

Jessie Hires brought a suit for injunction against the Dowling Company and Will Townsend to restrain them from entering upon certain lands described in the bill and from cutting and removing timber therefrom. The prayer was based upon the allegation that Hires was the owner of the land and had been in possession of it for thirty years. It was stipulated between the parties that the abstract of title to the lands filed in evidence shows a perfect record title to the timber on the lands described ·in the bill of complaint to be vested in the defendant, The Dowling Company.

The answer denied that Hires was the owner of the lands but admitted him to be the owner of 20 acres described as the N½ of the NE¼ of NE¼ of Section 9, T. 27 S., R. 20 E.

The case was heard on bill, answer and testimony and the chancellor entered a decree in favor of the complainant and granted a perpetual injunction against The Dowling Company, its agents and employees, from entering upon the lands described in the bill and from cutting the timber thereon. The defendant appealed.

This Court reviewing the case reversed the decree upon the ground that the ''injunction covers land that the complainant had not been in actual possession of for the statutory period'' and remanded the cause with directions to enter an ''appropriate injunction decree covering the land of which the complainant had been in actual possession for the statutory period at the time the suit was instituted.''

The evidence clearly discloses what lands of which the complainant had not shown actual possession as well as

those to which he did have title and possession. If the chancellor entertained any doubt as to the description of lands which this Court deemed should be eliminated from the injunction a glance at the alternative writ would have allayed such doubts. B. & O. R. R. Co. v. U. S., 279 U. S. 781, 73 Law Ed. 954. The description of those lands as to which the complainant was entitled to the relief sought was given particularly in the alternative writ as well as those as to which the complainant was not entitled to such relief.

The chancellor's answer that he does not agree with this Court as to the effect of the evidence was expressed clearly enough in the decree which this Court reversed and can scarcely be deemed sufficient as an answer to a mandamus to enter a correct decree.

The demurrer to the return is sustained, the motion to quash the alternative writ denied, and a peremptory writ is hereby awarded.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J. concur in the opinion and judgment.