**CAROLINE KEARLEY HUNTER, et vir, v. MARY A. KEARLEY, et al., as Administrators of the Estate of Seward C. Kearley.**

19 So. (2nd) 788                                      June Term, 1944
November 24, 1944                                      Division B

*Manley P. Caldwell,* for appellants.
*Howell, McCarthy, Lane & Howell,* for appellees.

THOMAS, J.:

Appellants are aggrieved by the action of the chancellor in denying a motion to amend their bill of complaint after mandate of this Court issued pursuant to the opinion in Kearley, et al., v. Hunter, et al., (Fla.) 16 So. 2nd 728. To decide the point now presented we need only to quote the concluding two sentences of that decision: "The cause is

remanded, with directions to dismiss the bill of complaint. It is so ordered."

It was the duty of this Court "to reverse or affirm" or "give such . . . decree as the court below should have given . . . ." Sec. 59.34, Florida Statutes, 1941, and F.S.A. Under the latter alternative it was held, in effect, that the chancellor should have dismissed the bill, so that was what he was directed to do. It then became his ministerial duty to follow strictly the mandate. State ex rel. Dowling Co., et al. v. Parks, 99 Fla, 1264, 128 So. 837. See Palm Beach Estates v. Croker, 106 Fla. 617, 143 So. 792.

Appellants must have been aware of this situation, for within fifteen days after the opinion was filed they presented to this Court a "petition for rehearing by modification of opinion" wich contained a recital that it was "addressed only to the sentence in the last paragraph of the opinion reading: 'This cause is remanded, with directions to dismiss the bill of complaint.'" Petitioners apprehended, so they said, that the chancellor might entertain the view he could not allow any amendment of the bill, so they sought modification of our decision by the addition to the provision we have quoted of the phrase "with leave to the respondent to file amended bill of complaint."

Any doubt appellants entertained that action of the chancellor was intended to be circumscribed must have been dispelled when this motion to alter the opinion by granting permission to amend was denied by unanimous action of the court en banc.

The final decree dismissing the bill is

Affirmed.

BUFORD, C. J., BROWN and SEBRING, JJ., concur.