DREW, Justice.
This is an interlocutory appeal from an order of the Circuit Court for Dade County entered in the above styled cause on October 14, 1958.
The original proceeding was instituted against appellant, or her predecessor in corporate office, for a writ of mandamus to require her to transfer certain stock to appellee pursuant to a sheriff’s bill of sale. The material facts are outlined in an earlier opinion of this Court remanding the cause for entry of a peremptory writ in appel-lee’s favor.[1] Jurisdiction in the instant appeal is assumed under the doctrine of Armenian Hotel Owners, Inc. v. Kulhanjian, Fla., 96 So.2d 896.
After issuance of the peremptory writ pursuant to our mandate a rule to show cause was issued against appellant, but was on August 8, 1958, discharged, with the finding that she had in fact complied with the order of the court that the corporate records be made to show the appellee as owner of the stock in question as of April 4, 1955. On September 26, 1958, the ap-pellee filed a “Motion to Compel Compliance with Florida Statutes” containing a prayer for entry of an order against the corporation for which appellant serves as secretary to require said corporation to issue new stock certificates in appellee’s name as provided in F.S. Section 614.15, F.S.A.[2] The order now appealed was entered after hearing upon this motion, and in unequivocal terms it required the corporation and “its officers, directors and agents” to issue to appellee “3450 shares of capital stock * * * nunc pro tunc as of April 4, 1955.”
The latter order must, for at least two reasons, be vacated. The cited statute provides ample authority for such action in a proper proceeding, but it is obvious from even a casual examination of the record and history in the instant case that this relief was never within the scope of the issues made by the petition for writ of mandamus; that neither the corporate entity nor the officers against whom this order purports to be directed were made par *15 ties defendant; and, further, that the proceeding had in any event finally and absolutely terminated by the full performance of the mandate of this Court. The established rule is that no further action by a trial court is permitted at this point, “even to the extent that consent of the appellate court is thereafter required to permit presentation of new matter affecting the ■cause.”[3]
The order appealed from is quashed and the cause remanded for final disposition. All issues raised with reference to super-sedeas are, of course, rendered moot and ■determination or consideration thereof at this point could serve no useful purpose:
TERRELL, C. J., and ROBERTS, THORNAL and O’CONNELL, JJ„ concur.

. Berger v. Beyerle, Fla., 93 So.2d 67.

. “614.15 Involuntary transfers. Shares of stock may be attached or levied upon, under execution, as now provided by law, and any sale under attachment or execution, as now provided by law, shall be recognized by the corporation in which such shares were so sold upon production of a bill of sale duly executed by the officer making such sale and a new certificate shall be issued to the purchaser at such sale.”

. Berger v. Leposky, Fla., 103 So.2d 628, at page 631, collating authorities: State ex rel. Dowling Co. v. Parks, 99 Fla. 1264, 128 So. 837; Hunter v. Kearley, 155 Fla. 222, 19 So.2d 788; Beach Resort Hotel Corp. v. Wieder, Fla., 90 So.2d 52; State ex rel. Mortgage Inv. Foundation, Inc., v. Knott, Fla., 97 So.2d 265.