175 So.2d 564 (1965)
RINKER MATERIALS CORPORATION, of West Palm Beach, a Florida corporation, Appellant,
v.
HOLLOWAY MATERIALS CORPORATION, a Florida corporation, and Frank L. Williamson, Appellees (two cases).
Nos. 4644, 6058.
District Court of Appeal of Florida. Second District.
May 21, 1965.
Rehearing Denied June 10, 1965.
*565 Monroe E. McDonald, of Sanders, McEwan, Schwarz & Mims, Orlando, for appellant.
Leon Handley, of Gurney, Gurney & Handley, Orlando, for appellees.
ALLEN, Acting Chief Judge.
We have consolidated for oral argument a petition to enforce the mandate of this court (Case No. 4644) and an interlocutory appeal (Case No. 6058), both cases being styled the same.
This action originated in the lower court as a suit to restrain violation of a covenant not to compete. Relief was denied by the lower court. On appeal, this court, on September 11, 1964, reversed and remanded with instructions to enjoin the Holloway Materials Corporation and its president, Frank L. Williamson, from breaching their covenant not to compete within a certain area for the balance of a contractspecified ten year period. See Rinker Materials Corp. v. Holloway Materials Corp., Fla.App. 1964, 167 So.2d 875, cert. denied Fla., 173 So.2d 145.
In accordance with our mandate, the chancellor, on November 4, 1964, entered the permanent injunction. On December 3, 1964, Holloway was found to have violated the injunction and was fined $2,500 for its contempt of court. In addition, Mr. Williamson was fined $250 for his personal contempt of court.
Before the month was out, Rinker again found it necessary to petition for a rule to show cause. The rule was entered, and on January 13, 1965, Holloway and Williamson, individually, were again found to have violated the injunction. The chancellor was of the view that the imposition of another penalty was not necessary, and, therefore, merely ordered the defendants to cease and desist. He further decreed (although not raised by any party to the controversy) that the injunction, as a matter of public policy, would not prevent the selling by Holloway of its products to contractors working on contracts let by any governmental agency, even though in the proscribed area.
The question raised by both the petition for enforcement of the mandate and the interlocutory appeal is: Whether, after issuance of an injunction pursuant to the mandate of an appellate court, the chancellor, on his own motion, may vary the terms of the injunction. The answer to this question is clearly, No!
What is involved here is a complete lack of jurisdiction to act. The principle governing has been well stated by the United States Supreme Court in In re Sanford Fork & Tool Co., 160 U.S. 247, 255, 16 S.Ct. 291, 293, 40 L.Ed. 414, 416.
"When a case has been once decided by this court on appeal, and remanded to the circuit court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The circuit court is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded."
*566 The Florida Supreme Court, in State ex rel. Mortgage Inv. Foundation Inc. v. Knott, Fla. 1957, 97 So.2d 265, 266, when confronted with an order of a trial court granting a motion to file a bill of review, after a Supreme Court mandate directing entry of a decree compelling specific performance, had this to say:
"The trial court had no jurisdiction to enter the questioned order. The rendition of the opinion and judgment and the issuance of the mandate of this Court directing the entry of a decree of specific performance removed any discretion which the trial court had in the matter and left him vested only with the power to enter such decree in accordance with the requirements of the mandate. Our judgment superseded and nullified the previous judgment of the circuit court and the only power remaining in that court over the proceedings was to carry out and place into effect the order and judgment of this Court. * * *"
Accord, Berger v. Leposky, Fla. 1958, 103 So.2d 628; King v. L & L Investors, Inc., Fla.App. 1962, 136 So.2d 671; Petition of Vermeulen, Fla.App. 1960, 122 So.2d 318.
Furthermore, it is well settled that once the appellate court's judgment has been rendered, permission of the appellate court must be obtained before presentation of new matter affecting the judgment will be permitted. See e.g., Berger v. Leposky, supra; and State ex rel. Central and Southern Florida Flood Control District v. Anderson, Fla.App. 1963, 157 So.2d 140.
We therefore hold that the lower court had no jurisdiction to engraft on the mandate of this court its exemption of government contracts from the operation of the injunction, and that portion of the order is hereby quashed.
Appellant urges this court to oust the lower court from jurisdiction to carry out the mandate of this court, because of the failure of the lower court to enforce our prior decision. We have, however, every confidence in the integrity of the judge below and are convinced that he will enforce our mandate.
As noted previously, the chancellor found the appellees guilty of contempt, but, considering the contempt merely to be technical, did not fine them. After the release of this opinion, we trust that there will be no further violations, but if there are, we are certain that the lower court will mete out punishment sufficient to stop future violations.
We turn now to appellees' cross-assignments of error that raise the question whether the merchandising of the type of masonry block being produced by Holloway violated the covenant not to compete. Appellees argue that the type of masonry block being manufactured and sold by Holloway at the time of the alleged violation of the injunction was not the same as, nor similar to, the product sold by Holloway-Rinker in 1958.
We are unable to ascertain clearly what the lower court's finding was concerning the nature of Holloway's "new" block. The record indicates that the chancellor felt the block was different, but, in light of his order, presumably, it was not significantly different. Under our construction of the contract, however, whether the block was similar or not is not the determinative factor.
Appellees' argument rests on the premise that their covenant not to engage in competition was a promise limited to non-competition in the line of merchandise being sold by Holloway-Rinker on September 12, 1958, the date of the contract. The pertinent part of the contract states:
"* * * Further, in consideration of the payments aforesaid by Rinker Materials Corporation to Holloway Concrete Products Company, Inc., and Frank L. Williamson, Holloway Concrete Products Company, Inc. and *567 Frank L. Williamson hereby agree that they will not engage directly or indirectly in the merchandising of any line of merchandise that is being sold by Holloway-Rinker Materials, Inc. within a radius of Twenty Five (25) miles of the Cocoa plant of Holloway-Rinker Materials, Inc., (except that the area north of Route 50 shall be an open area for sales by all of the parties hereto), for a period of ten (10) years from the date of the execution hereof.
"It is further agreed by the parties hereto that Holloway Concrete Products Company, Inc. and Frank L. Williamson will render services and assistance to Holloway-Rinker Materials, Inc. in the sale and merchandising of products handled by Holloway-Rinker Materials, Inc. within a twenty five (25) mile radius of the corporation's plants in Cocoa, Florida, for a period of ten (10) years from the date of execution hereof, for which services and assistance Holloway-Rinker Materials, Inc. agrees to pay to Holloway Concrete Products Company, Inc., or Frank L. Williamson, a maximum compensation of Fifty Thousand Dollars ($50,000.00) * * *."
Admittedly, the contract language can be reasonably interpreted to support appellees' premise, but, under our view, a reasonable construction of the contract cannot give such meaning to the language.
In 17A C.J.S. Contracts § 327(4) c (1963), the following rule of construction of covenants not to compete is drawn:
"Such agreements will be construed in furtherance of their purpose; the purpose to be achieved and the spirit of the agreement control rather than the strict meaning of the words used in their commonly accepted meaning."
In other words, the judicial chore is to produce a construction that will not do violence to the language of the contract, and yet give the appropriate effect to the words.
The purpose of the inclusion of the covenant in this contract of sale was obviously for the protection of Rinker in its enjoyment of the business and its built-up good will; that is to say, the purpose was to insure the operation of a concrete materials business, as it stood on the date of the contract. To give effect to this purpose, any complained-of activity that seriously interferes with the operation of this business must be struck down.
In this connection, we feel that the test announced by the Florida Supreme Court in Wilson v. Pigue, 1942, 151 Fla. 734, 10 So.2d 561, although in the context of a covenant violation by acceptance of employment with a competitor, is the appropriate criterion by which appellees' conduct must be judged. The Court said:
"* * * the test appears to be that the injury begins when the scope and character of the employment by the rival business is such as to result in substantial interference with the business being the subject of the contract. The seller must refrain from acts which may operate to induce the customers of the old business to transfer their patronage to new employment. The purchaser of the good will of a business and its goods is entitled not only to the protection of customers and patrons, but to enter the field of competition unhampered by the adverse influence of the seller. * * *" At 563. (Emphasis added)
To find that the merchandising in the proscribed area of a differently-processed concrete block (but one, nevertheless, used for the same purpose as the old) is not a substantial interference with the business sold would be a decision oblivious to reality. The injunction was again violated, and the chancellor was correct in so holding.
The order appealed is therefore affirmed in part, and quashed in part.
SHANNON and ANDREWS, JJ., concur.