MELVIN, WOODROW M., Associate Judge.
This is a consolidated appeal by counter-defendants from that portion of a final decree in a divorce and alimony action wherein the trial court decreed the ownership of certain parcels of real property, the record title to which was vested in appellants, to be beneficially owned by the plaintiff-husband, Harold E. Case. The court then decreed that such property could be subject to sequestration to enforce the payment of alimony and other money found to be due by the plaintiff-husband to the defendant-wife, Marion Griffin Case.
The parties will be here referred to as they appeared in the trial court.
The plaintiff, Harold E. Case, age 76, brought his suit for divorce against the defendant, Marion Griffin Case, age 51, who counterclaimed seeking alimony unconnected with divorce. The defendant joined as counter-defendants, Pearl L. Mordue, who is plaintiff’s sister; Jane Lois Kinsey and Martha E. Knowles, who are plaintiff’s children by a previous marriage, and alleged that certain conveyances of realty by the plaintiff to said counter-defendants constituted a legal fraud of the defendant-wife’s marriage rights. The answer of said counter-defendants joined issue and asserted their ownership in the parcels of real property.
Harold E. Case and Marion Griffin Case were married in September, 1961, and were separated three months later.
The record reveals that on November 1, 1958, Harold E. Case conveyed the real property described in the pleadings and findings of the court below as Parcel 1 to his sister, the appellant, Pearl L. Mordue. This deed was recorded July 11, 1960. By deeds dated October 1, 1958, and recorded July 11, 1960, Case conveyed Parcels 2 and 3 to the appellant, Jane Lois Kinsey, his daughter. By a deed of date October 1, 1958, recorded July 11, 1960, Case conveyed Parcel 4 to the appellant, Martha E. Knowles, his daughter. Then on November 18, 1961, Case, joined by his wife, conveyed Parcel 5 to his daughter, Jane Lois Kinsey. Mrs. Case alleged that she was coerced into the execution of the deed last mentioned. The court made no finding as to coercion and treated this last conveyance exactly as all the others.
In disposing of the issue the trial court announced that the court did not find or base the final decree on fraud, but stated the basis for the decree to be that the parcels of land in question were conveyed without consideration, that Case had continued to exercise dominion and control over the property, and, therefore, a resulting trust came into being.
The Supreme Court of Florida, in Wad-lington v. Edwards, Fla.1957, 92 So.2d 629, 631, dealt with the matter of resulting trusts and constructive trusts. The court, speaking through Justice Thornal, held:
“ * * * A. resulting trust is simply a status that automatically arises by operation of law out of certain circumstances. A constructive trust is a remedy which equity applies in order to do justice. In the creation of a resulting trust it is essential that the parties actually intend to create the trust relationship but fail to execute documents or establish adequate evidence of intent.”
and further:
“By contrast, a constructive trust is a relationship adjudicated to exist by a court of equity based on particular factual situations created by one or the other of the parties. The element of intent or agreement, either oral or written, to create the trust relationship is totally lacking. The trust is ‘constructed’ by equity to prevent an unjust enrichment of one *846 person at the expense of another as the result of fraud, undue influence, abuse of confidence or mistake in the transaction that originates the problem.”
We here have conveyances (parcels 1, 2, 3, and 4) by a grantor to his sister and his daughters, by warranty deeds in which no reservation of title or use was retained or intended by the grantor. No trust relationship was contemplated. Such conveyances were made three years prior to the Case present marriage and were of public record for a year prior to such marriage. The law favors a presumption that such gifts are voluntary, and the record does not disclose to the contrary. The fact that the grantees permitted Case to manage the property and receive income therefrom is likewise an income gift which they may discontinue at any time, and such fact has no bearing on the title question. See Rappaport v. Kalstein, 1946, 156 Fla. 722, 24 So.2d 301.
The remaining parcel 5 is the conveyance by Case and wife to Jane Lois Kinsey on November 18, 1961. The chancellor found no fraud to exist but concluded, as with parcels 1, 2, 3, and 4, the existence of a resulting trust. Evidently the chancellor concluded, as do we, that the evidence was legally insufficient to establish that Mrs. Case was the victim of coercion or undue influence in the execution of the deed.
That portion of the final decree appealed from is reversed, with directions to dismiss the counterclaim as to counter-defendants, Pearl L. Mordue, Jane Lois Kinsey and Martha E. Knowles.
WALDEN, C. J., and CROSS, J., concur.