OWEN, Judge.
This is a sequel to Mordue v. Case, Fla.App.1967, 201 So.2d 844, and seeks review of certain orders entered by the trial court after the going down of our mandate in the cited case.
In Mordue v. Case, supra, we held that certain conveyances of realty, though made without consideration, were adequate to vest title in the respective grantees as gifts. Our decision in that case, whereby we reversed the trial court on this point, closed with directions to dismiss the counterclaim which the defendant wife had made against the respective grantees under the several deeds.
When our mandate was lodged in the trial court, the judge entered ah order pursuant to such mandate dismissing that por-" tion of the defendant wife’s counterclaim against the respective grantees of the several conveyance, and. cancelling all proceedings to sequester such real property as security for payment of any of the plaintiff husband’s obligations. The defendant wife’s attorney, G. Harold Martin, Esquire, had been awarded attorney’s fees and costs in the original judgment, following which the court had entered separate judgments in favor of Mr. Martin against the plaintiff Case for the amount of such attorney’s fees and costs. Consequently, when the trial court entered its order pursuant to the mandate, Mr. Martin, in his own behalf as holder of unsatisfied judgments against the plaintiff Harold E. Case, filed a motion seeking to have the trial court rule on certain issues made by the pleadings which Mr. Martin termed “unresolved” because they had not been discussed in the court’s original final judgment. The motion sought, in the alternative, the right to amend the pleadings to allege that subsequent to the execution and delivery of the several conveyances [held in Mordue v. Case, supra, to be valid gifts] the plaintiff had reacquired the legal title to one or more of said parcels by virtue of an unrecorded deed. The trial court, being of the view that it could not permit such an amendment without the consent of this court, denied the motion. Mr. Martin has appealed from each of the two orders entered by the trial court rendered subsequent to the lodging of our mandate.
Appellant presents two points. First, he contends that when a trial court’s order is reversed because of insufficiency of evidence to support the trial court’s conclusion, upon remand the case is restored to the point where the reversible error occurred and the trial court is vested with authority to continue with the case in a manner not inconsistent with the appellate court’s decision. Second, he submits that upon remand under such circumstances, the trial court also has jurisdiction to hold litigants in contempt for misconduct and to assess costs and attorney’s fees against them for such misconduct.
Although we will discuss each of appellant’s points, we feel that it will be helpful to place the case in proper perspec *281 tive as to the parties. This suit started out as one for divorce, but ultimately ended up solely as a decree granting to the wife separate maintenance, the husband’s claim for divorce being dismissed. In a separate maintenance action the court does not have jurisdiction to make any division of the husband’s property, Bredin v. Bredin, Fla. 1956, 89 So.2d 353, 61 A.L.R.2d 942, and consequently, the question of the husband’s ownership of the real property would be material only to a determination as to his ability to pay the wife alimony and attorney’s fees. The plaintiff husband did not appeal from the original judgment establishing the amount of alimony and attorney’s fees assessed against him, and the wife has not appealed from the court’s order entered on the mandate dismissing the counterclaim. Hence, neither of the original parties to the suit are now involved. Basically Mr. Martin is seeking to collect on the two judgments he has in his favor against the plaintiff, Harold E. Case. He is in the position of any other judgment creditor who is seeking assets against which the judgments can be enforced and the question is whether he can use the vehicle of the instant case as a means of seeking to enforce the judgments, or whether he can and should utilize other avenues which are generally open to judgment creditors.
We are of the view that the trial court was entirely correct in entering its order dismissing the counterclaim against the grantees of the several deeds, as required by the court’s mandate. Hunter v. Kearley, 1944, 155 Fla. 222, 19 So.2d 788. Appellant correctly points out that there are numerous cases which clearly stand for the proposition that whenever a judgment is reversed and remanded with no specific directions, it is to be proceeded with in the court below as if the reversed decree or order had never been made, citing Webb Furniture Company v. Everett, 1932, 105 Fla. 292, 141 So. 115 and many others. There seems to be no disagreement with this statement of law. See Westinghouse Electric Supply Co. v. Diplomat Electric, Inc., Fla.App.1969, 221 So.2d 436. The decision of this court in Mordue v. Case, supra, did not reverse and remand without directions, but contained specific directions that the counterclaim was to be dismissed as to the counterdefendants. The form of the mandate addressed to the trial court commanded that further proceedings be had according to the judgment of the court, which in the case of specific directions to dismiss the counterclaim left the trial court no discretion in the matter. Hunter v. Kearley, supra; Rinker Materials Corp. v. Holloway Materials Corp., Fla.App.1965, 175 So.2d 564.
Appellant contends that even though the trial judge might have been required by the mandate to dismiss the counterclaim as against the grantees of the respective deeds, the court clearly had jurisdiction to entertain a motion for leave to amend the pleadings and to consider the “unresolved issues” not covered by the court’s original judgment. Recognizing the rule typified by Rinker Materials Corp. v. Holloway Materials Corp., supra, appellant contends that an amendment to the pleadings to allege a reconveyance from one or more of the grantees back to the original grantor, Harold E. Case, is in acceptance of (rather than opposition to) the opinion of this court in Mordue v. Case, supra, because alleging a reconveyance necessarily recognized that the grantees acquired valid title through gift. However, as we have pointed out above, the issue of whether Harold E. Case subsequently reacquired legal title to any of the parcels of real property is a question which, while of utmost concern to Mr. Martin as a judgment creditor of Harold E. Case, is not one which would affect the husband’s obligation to pay or the wife’s entitlement to receive the separate maintenance which was, after all, the subject of the litigation.
Without prolonging this opinion, the same observation would be true as to the “unresolved issue” of what disposition Mr. Case made of some $150,000 to $200,000 *282 which he had received in cash during the five years preceding the trial.
During the trial of the case the plaintiff, Harold E. Case, and the several grantees of the parcels of real property described in Mordue v. Case, supra, insisted under oath that the conveyances were based upon valid consideration. The bulk of Mr. Martin’s time and efforts in representing the defendant wife was devoted to establishing that such conveyances were not based upon valid consideration, a fact which the trial court found and this court accepted as correct by holding the conveyances to be gifts. 201 So.2d 844. Appellant’s position is that when the cause was remanded, the trial court should have held the counter-defendants in contempt of court for perjury. Furthermore, since their claim of having paid a valid consideration for the conveyances was also the cause of excessive costs and efforts expended by Mr. Martin, such costs and attorney’s fees should be assessed against the counter-defendants. We answer this point briefly. There would be no valid basis to assess attorney’s fees against anyone other than the plaintiff husband. The costs were assessed as part of the original final judgment and that portion not having been reversed on the first appeal, thereby became final. The record does not disclose any specific motion or order concerning the matter of holding parties in contempt of court for perjury, but the trial court always has ample authority to punish persons for contempt when perjury is established. Parham v. Kohler, Fla.App.1961, 134 So.2d 274.
Although we are of the view that reversible error has not been demonstrated and that the two post mandate orders now appealed should be affirmed, we are mindful of the necessity of making certain that neither our holding in Mordue v. Case, supra, nor our decision on the instant appeal be construed as determining issues which were not in fact determined. We have already noted that at this stage of the litigation we have basically the efforts of a judgment creditor to locate property of the judgment debtor against which the judgments can be enforced. Certain matters appearing in the record and referred to in the briefs of the parties indicate that appellant has already caused writ of execution to be levied upon one of the parcels of real property which this court in Mordue v. Case, supra, held to have been validly conveyed from Harold E. Case to one of the counter-defendants. For reasons not made clear to us the record and briefs indicate that the trial court entered an order staying the levy on such property pending the outcome of this appeal. Our former decision, 201 So.2d 844, held that the several conveyances therein described conveyed a valid title by gift to the respective grantee in each deed. Only the validity of the deeds was established. We did not decide then, nor do we now decide any question pertaining to whether any of such grantees thereafter at any time divested themselves of title, nor any question as to whether Harold E. Case did at any time subsequent to the execution and delivery of each such conveyance reacquire title to one or more of the parcels of real property, either by purchase or gift. Those issues remain undetermined and our affirmance is without prejudice to the appellant’s rights, as judgment creditor of Harold E. Case, to have any such issue determined in an appropriate proceeding to enforce such judgments.
Affirmed.
WALDEN and McCAIN, JJ., concur.