WENTWORTH, Judge.
Appellant seeks review of an order by which he was found to have violated a preliminary injunction. The appealed order also “advised” the parties regarding the court’s construction of certain terms contained in the preliminary injunction. We conclude that this advice is improper and must be deleted from the order; as so modified, the order appealed is affirmed.
Appellant was employed by appellee as an insurance account executive/servicing agent. After informing a customer that he intended to open his own insurance agency, appellant terminated his employment and requested a personal listing as the customer’s agent of record. The customer complied with this request, whereupon appellee filed an action for damages and obtained a preliminary injunction prohibiting appellant, during the pendency of the action, from “directly or indirectly ... contacting (business, social or otherwise) or soliciting customers or former customers....”
Appellee subsequently sought an order of contempt, asserting that appellant had violated the preliminary injunction by further soliciting the insurance business of the customer who had been previously contacted. In moving for contempt appellee alleged that the customer had terminated its account and indicated that it intended to transact future insurance business with appellant. At a hearing on the motion appellant presented testimony that after entry of the preliminary injunction he avoided further contact until the customer initiated a bid request to which appellant responded. Although appellant argued that such conduct did not constitute a solicitation of business, the court found to the contrary and determined that appellant had made a prohibited contact and solicitation. While no sanctions were imposed, the court’s order further provided that:
All Defendants and counsel are now advised that the words ‘contacting’ and ‘soliciting’ as contained in the [preliminary injunction] are deemed to mean and shall mean any activity, conversation, writing or communication in any form which contributes to the writing of an insurance policy....
The court’s advice regarding the terms “contacting” and “soliciting” effectively precludes appellant from writing any insurance policy for appellee’s former customers. This broad prohibition exceeds the terms of the parties’ employment contract, which does not evince an absolute prohibition with regard to the writing of insurance.[1] Although the contract does preclude solicitation of former customers, the language which the court has utilized is not limited to mere solicitation and is thus improper.
Nevertheless, we conclude that the court did not err in determining that appellant violated the preliminary injunction. As indicated in Rinker Materials Corp. v. *538 Holloway, 175 So.2d 564 (Fla. 2d DCA 1965), the non-solicitation covenant, as enforced by the injunction, should be construed so as to give appropriate effect to the intent of the contractual agreement. Appellant’s conduct in the present case may be viewed as an ongoing solicitation prohibited by the terms of the preliminary injunction.
The order appealed is hereby modified so as to delete the court’s delineation of the terms “contacting” and “soliciting” as utilized in the preliminary injunction. As so modified, the order appealed is affirmed.
SHIVERS and WIGGINTON, JJ„ concur.

. The parties’ employment contract provides that appellant shall not "solicit or engage in or carry on the same or similar business relationship with any of the agents or producers of insurance business of or for the Employer....” However, the agreement does not contain such a blanket prohibition with regard to insurance customers, but rather merely provides that appellant shall "not directly or indirectly ... solicit customers or former customers...."