717 So.2d 1080 (1998)
Tom HILL, Appellant,
v.
PALM BEACH POLO, INC., a Florida corporation, Palm Beach Holdings, Inc., a Florida corporation, and Palm Beach Polo and Country Club Property Owners Association, Inc., a Florida not-for-profit corporation, Appellees.
No. 97-3273.
District Court of Appeal of Florida, Fourth District.
September 2, 1998.
Rehearing Denied October 13, 1998.
*1081 Thomas W. Hill, Jr., Wellington, for appellant.
Joseph Ianno, Jr. of Carlton, Fields, Ward, Emmanuel, Smith and Cutler, P.A., for Appellees-Palm Beach Polo, Inc. and Palm Beach Polo Holdings, Inc.
Geoffrey B. Marks of Cole White & Billbrough, P.A., Miami, for Appellee-Palm Beach Polo and Country Club Property Owners Association, Inc.
KLEIN, Judge.
Palm Beach Polo and Country Club is a residential real estate development. The appellant, Mr. Hill, contends that the developer has exceeded its authority under the documents relating to the development. We reverse, concluding that Hill is correct in his argument that the authority given the developer to amend restrictive covenants did not authorize the developer to amend provisions relating to monetary assessments.
According to the 1987 Restated Bylaws and the Master Declaration, section 17.1 gave the developer authority to "alter, modify, change, revoke, rescind, or cancel any or all of the restrictive covenants contained herein." Section 19.1 required a two-thirds vote of the property owners' board of directors and voting members to make other changes.
In 1995 the developer amended the provisions of the documents in regard to assessments. Count IV of Hill's complaint alleged that the assessment provisions in the documents were not "restrictive covenants," and therefore the developer did not have the authority under the documents to amend the assessment provisions. The trial court held that the assessment provisions were restrictive covenants and granted the appellee developer's motion for summary judgment.
A restrictive covenant has been defined as "an agreement between landowners that their property will be used only for specified purposes or in a specified manner." Ralph E. Boyer, Florida Real Estate Transactions, § 111.01, at 111-5 (1997 ed.). Black's Law Dictionary 1315 (6th ed.1990), defines restrictive covenant as a:
[p]rovision in a deed limiting the use of the property and prohibiting certain uses. In context of property law, term describes contract between grantor and grantee which restricts grantee's use and occupancy of land; generally, purpose behind restrictive covenants is to maintain or enhance value of lands adjacent to one another by controlling nature and use of surrounding lands.
Before we proceed further, we deem it appropriate to note that there is no contention in this case that assessments of this type do not run with the land or are not enforceable. The only issue is whether the developer had the authority, under the provision giving the developer the authority to modify restrictive covenants, to modify the assessment provisions.
Balzer v. Indian Lake Maintenance, Inc., 346 So.2d 146 (Fla. 2d DCA 1977), cited by both parties, is distinguishable. In Balzer the issue was whether maintenance assessment provisions in deeds and contracts to purchase in a development were enforceable. The court recognized that the provision was "more nearly akin to a contractual provision than a restriction placed on the land," id. at 149, but subsequently discussed it in the opinion as if it were a "restrictive covenant." Accordingly, although Balzer contains language favorable to the positions of both Hill and the developer, it did not involve the issue of whether an assessment, which does not control the use of the land, is a restrictive covenant.
Under the definitions of restrictive covenants set forth above, which define them as controlling the use of the land, the assessment provisions in this case are not restrictive covenants. They do not control the use of land. They are, rather, affirmative covenants, and were so characterized in Bessemer v. Gersten, 381 So.2d 1344, 1347 (Fla.1980), in which the supreme court upheld assessments imposed by a developer upon lots in a subdivision, concluding that "all of the elements of an affirmative covenant running with the land have been established." See also, Lake Wauwanoka, Inc. v. Spain, 622 S.W.2d 309, 312 (Mo.Ct.App.1981) (covenant providing for maintenance assessments against lot owners *1082 is not a restrictive covenant, but rather an affirmative covenant).
The trial court therefore erred in its legal conclusion that the assessment provisions were restrictive covenants. Since the assessment provisions were affirmative covenants, rather than restrictive covenants, section 19.1 required a two-third's vote of the property owners' board of directors and voting members to change the assessments.
In count III of his complaint, Hill alleged that ninety-five percent of the units within the development had been sold prior to 1995, and accordingly "turnover" of the property owner's association from the developers to the unit owners should have occurred, making subsequent actions of the developer invalid. Hill's reasoning as to how the ninety-five percent is computed, however, overlooks the fact that turnover is contingent on the sale of ninety-five percent of the residential units shown on the land use plan, not the units sold in smaller geographical areas. It was undisputed that 95% of those units had not been sold. We therefore affirm the summary judgment in that regard.
Affirmed in part and reversed in part.
WARNER and TAYLOR, JJ., concur.