757 So.2d 1287 (2000)
PALM BEACH POLO, INC. and Palm Beach Polo Holdings, Inc. and Palm Beach Polo and Country Club Property Owners Association, Inc., Appellants,
v.
Tom HILL, individually, and as a member and former director of the Palm Beach Polo and Country Club Property Owners' Association, Inc., Appellee.
Nos. 4D99-3021, 4D99-3066.
District Court of Appeal of Florida, Fourth District.
May 31, 2000.
Joseph Ianno, Jr. and Henry S. Wulf of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., West Palm Beach, for Appellants Palm Beach Polo, Inc. and Palm Beach Polo Holdings, Inc.
Geoffrey B. Marks of Cole White & Billbrough, P.A., Miami, for Appellant Palm Beach Polo and Country Club Association, Inc.
Thomas W. Hill, Jr., Wellington, for Appellee.
PER CURIAM.
Palm Beach Polo, Inc., Palm Beach Polo Holdings, Inc., and Palm Beach Polo and Country Club Property Owners Association, Inc. appeal from a final order entered by the trial court after the issuance of our opinion in Hill v. Palm Beach Polo, Inc., 717 So.2d 1080 (Fla. 4th DCA 1998). Appellants contend that the trial court failed *1288 to comply with this court's opinion and mandate. We reverse and remand.
The Third Amended Complaint, in pertinent part, challenged the 1995 amendments to the governing documents of the Property Owners Association. In our previous opinion, we concluded that the restrictive covenant portions of the amendments were valid, but the affirmative covenants involving payment of assessments were invalid. 717 So.2d at 1081. We remanded for further proceedings.
The trial court entered an amended final summary judgment in favor of Tom Hill that invalidated all of the 1995 amendments. We agree with appellants that the trial court should have conducted a hearing to determine which of the amendments were monetary provisions and the validity of the remaining affirmative provisions of the amendments.
Accordingly, we reverse and remand for further proceedings.
REVERSED and REMANDED.
DELL, FARMER, and SHAHOOD, JJ., concur.