805 So.2d 1014 (2001)
Tom HILL, individually and as a member and former director of the Palm Beach Polo and Country Club Property Owners' Association, Inc., a Florida not-for-profit corporation, Appellant,
v.
PALM BEACH POLO, INC., a Florida corporation and Palm Beach Polo Holdings, Inc., a Florida corporation, and Palm Beach Polo and Country Club Property Owners Association, Inc., a Florida not-for-profit corporation, Appellees.
No. 4D01-1145.
District Court of Appeal of Florida, Fourth District.
December 19, 2001.
*1015 Thomas W. Hill, Jr., Wellington, for appellant.
Elaine Johnson James of Nason, Yeager, Gerson, White & Lioce, P.A., West Palm Beach, for appellees Palm Beach Polo, Inc. and Palm Beach Polo Holdings, Inc.
Geoffrey B. Marks of Cole, White & Billbrough, P.A., Miami, for appellee Palm Beach Polo and Country Club Property Owners Association, Inc.
PER CURIAM.
Hill appeals a Second Amended Final Judgment entered after the trial court granted in part and denied in part his motion for summary judgment against Palm Beach Polo, Inc., Palm Beach Polo Holdings, Inc., and Palm Beach Polo and Country Club Property Owners Association, Inc. ("Palm Beach Polo"). Hill asserts the trial court erred in not enforcing the mandate and in refusing to determine the amount of the over-assessments made under the invalid monetary provisions of the 1995 amendments to the Property Owners Association (POA) governing documents.
This case is before this court for the fourth time. In Palm Beach Polo, Inc. v. Hill, 757 So.2d 1287 (Fla. 4th DCA 2000) (hereafter Hill III), this court clarified its decision in Hill v. Palm Beach Polo, Inc., 717 So.2d 1080 (Fla. 4th DCA 1998)(hereafter Hill I), stating "[i]n our previous opinion, we concluded that the restrictive covenant portions of the amendments were valid, but the affirmative covenants involving payment of assessments were invalid." Hill III at 1288. This court then remanded the case with instructions to the trial court that it was to conduct a hearing to determine which of the amendments were monetary provisions. See id.
On remand of Hill III, Hill filed a motion for summary judgment alleging that no dispute existed as to which provisions of the amendments were monetary provisions. The parties agreed that 11.6, 7, 8, 9, 11 and 15 of article 11 were monetary provisions and the trial court granted summary judgment on this issue. Hill, however, sought additional relief. On remand, Hill sought the appointment of a special master to determine the amount of reimbursements due property owners given this court's determination that the monetary provisions were invalid. The trial court denied Hill's request on the grounds *1016 that this court's mandate in Hill III foreclosed any relief other than a determination as to which provisions of the amendments were monetary provisions.
Hill argues that the trial court erred because supplemental relief may be granted despite the limited scope of the declaratory action under which this court issued its mandate. On remand the trial court lacks the power to deviate from the terms of an appellate court's instructions. See Straley v. Frank, 650 So.2d 628, 628 (Fla. 2d DCA 1994). A trial court lacks discretionary power to go beyond the scope of the relief granted by the appellate court. See Rinker Materials Corp. v. Holloway Materials Corp., 175 So.2d 564 (Fla. 2d DCA 1965) cert. denied, 180 So.2d 657 (Fla.1965).
When a case has once been decided ... on appeal ... the circuit court is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than its execution; or give any other further relief ... further than to settle so much as has been remanded.
Id. at 565.
Whenever necessary or proper, further relief may be granted upon reasonable notice to an adverse party, whose rights have been adjudicated by the declaratory judgment to show cause why further relief should not be granted. See Koscot Interplanetary, Inc. v. State ex rel. Conner, 230 So.2d 24 (Fla. 4th DCA 1970)(deciding that where a decree has become the source of definite rights, relief may be granted upon those rights upon proper notice to the adversary). Relief is not limited to declaratory relief but also includes all relief necessary, including money judgments. See Miami Bch v. State, 242 So.2d 170, 172 (Fla. 3d DCA 1970); see also Thomas v. Cilbe, Inc., 104 So.2d 397 (Fla. 2d DCA 1958).
In the instant action, Hill placed Palm Beach Polo on notice that money damages were in issue based upon his contention that the invalid monetary provisions necessarily made any assessments thereunder illegal. From this allegation follows the natural assumption that the amount of the assessments and refund of same were at issue. Hill correctly argues that his motion to enforce the mandate and determine the amount of the over-assessments placed Palm Beach Polo on notice that monetary damages were an issue in the case. Because Palm Beach Polo was on notice that monetary damages were in issue, the concerns of judicial efficiency and equity allow the resolution of the claim in this one action. See Thomas, 104 So.2d at 401 ("It would seem that ... supplemental or additional relief may be granted in the same action or cause ... upon a sufficient pleading ... to carry into effect its declaratory order, judgment or decree.").
Therefore, although no genuine issues of material fact remained relative to which provisions of the documents were invalid, issues did remain regarding entitlement to relief. Because Palm Beach Polo was on notice that monetary damages were necessarily a part of the relief Hill sought pursuant to the general prayer for relief under the declaratory action, and his subsequent motion on remand, the trial court erred by denying the summary judgment determining the amount of the over-assessments and in entering the second amended final order denying supplemental relief to Hill.
REVERSE AND REMAND
GUNTHER, WARNER and GROSS, JJ., concur.