*406
 
 WARNER, J.
 

 The protracted litigation in this case arises out of multiple disputes between Steven McAllister and the cooperative association in which he has an ownership interest in two apartment units. The litigation between the parties has already resulted in two prior opinions from this court,
 
 McAllister v. Breakers Seville Ass’n,
 
 891 So.2d 1155 (Fla. 4th DCA 2005)
 
 (“McAllister I
 
 ”), and
 
 McAllister v. Breakers Seville Ass’n,
 
 981 So.2d 566 (Fla. 4th DCA 2008)
 
 (“McAllister II
 
 ”). This appeal concerns the propriety of the trial court’s rulings on remand from
 
 McAllister II,
 
 in which we held that McAllister was entitled to a declaratory judgment in his favor with respect to his right to two parking spaces. On remand he requested supplemental relief of money damages. The court denied the relief, believing that such request was beyond this court’s mandate in
 
 McAllister II.
 
 We reverse, as McAllister was entitled to request supplemental relief.
 

 McAllister has an ownership interest in Units 1 and 2 in a cooperative association known as the Breakers Seville Association.
 
 See McAllister II,
 
 981 So.2d at 569. In 1996, disputes arose between McAllister and the Association over McAllister’s right to park more than one vehicle in the Unit 1 parking space, his right to park his motorcycle at the apartment building pursuant to the cooperative’s bylaws, and his failure to pay a special assessment to the Association.
 
 Id.
 
 The Association filed a foreclosure action against McAllister for failure to pay a special assessment, but the trial court dismissed that claim. McAllis-ter, however, filed a counterclaim against the Association. The more detailed facts of the disputes and McAllister’s counterclaims are contained in
 
 McAllister II.
 
 Pertinent to this appeal, in count III of the counterclaim, McAllister requested a declaratory judgment regarding his entitlement to park more than one vehicle in the parking space assigned to Unit 1 as well as the enforceability of a condominium association bylaw prohibiting motorcycles in the complex. Although not mentioned in the
 
 McAllister II
 
 opinion, count III prayed not only for a declaration that McAllister is entitled to use the designated parking space to accommodate more than one vehicle, but also for the court to “grant supplemental relief in the form of money damages.”
 

 Eventually, at trial the parties litigated the issue of whether the Association had unlawfully enacted bylaws limiting parking to “one vehicle per space” and prohibiting the parking of a motorcycle on the premises, as well as McAllister’s additional claim that the Association’s lien for unpaid assessments had disparaged his title, causing damages. In its final judgment the trial court determined the parking space assigned to Unit 1 was not an appurtenance to the unit and thus upheld the 2000 bylaw amendment restricting the use of the parking space to one vehicle. Because the trial court also deemed the 2000 amendment prohibiting parking of a motorcycle to be valid, it found that McAllister could not keep a motorcycle on the premises.
 
 [1]
 
 It found for McAllister on disparagement of title and awarded damages.
 
 Id.
 
 McAllis-ter appealed this final judgment, and the Association cross-appealed.
 

 In
 
 McAllister II,
 
 we held that the court erred in failing to grant a declaratory judgment in McAllister’s favor with respect to the parking space. We determined that the parking space assigned to
 
 *407
 
 Unit 1 was an appurtenance and, as a result, the Association could not amend its bylaws to limit parking to “one vehicle per space” without the owner’s consent. We agreed, however, with the trial court that the motorcycle prohibition could be enforced against McAllister. On the Association’s cross-appeal we reversed the damage award in favor of McAllister on his disparagement of title claim. We also granted each party’s motion for appellate attorney’s fees, conditioned upon the trial court’s determination of which party prevailed.
 

 McAllister filed a Motion for Clarification of our opinion. Specifically, McAllis-ter asked that this court affirm the damage award rendered on the disparagement of title claim on an alternative theory of recovery. McAllister argued that an award of additional damages was supported by counts II and III of his counterclaim, count III being the request for declaratory judgment, pointing out that he requested damages on those counts as well, notwithstanding this court’s statement in the
 
 McAllister- II
 
 opinion that his “counterclaim requests damages only for disparagement of title.”
 

 Further, because this court’s opinion found the “one-vehicle-per-space” parking restriction invalid, McAllister requested a ruling that, on remand, he was “entitled to additional, post-2000 bylaw amendment damages for any lost income he establishes (with or without the need to take new or additional evidence) was caused by the Association’s unlawful interference with his ability to rent his units and/or by lack of parking.” Finally, he requested this court to clarify what, if anything, else remained for the trial court to determine on remand. The Association objected to any clarification, specifically arguing that McAllister’s request for damages based upon his prevailing on the declaratory judgment count injected a new issue and was not proper in a motion for clarification. This court denied the motion for clarification without setting forth any reasoning.
 

 On remand, McAllister filed a Renewed Motion for Attorneys’ Fees and Costs, seeking fees pursuant to section 719.303(1), Florida Statutes, and arguing that he was still the prevailing party in the trial court after the application of the
 
 McAllister II
 
 decision. He also filed an “Amended Motion to Have Court Sustain Previous Damage Award Or, Alternatively, Motion for Trial on Damages.” As to the alternative, the motion requested a hearing or trial to determine the damages to be awarded to McAllister as “supplemental relief’ under the declaratory judgment claim in count III, which he won on appeal in
 
 McAllister II.
 
 The Association objected to all relief requested by McAllister and sought to overturn a prior award of attorney’s fees in favor of McAllister in the trial court.
 

 As to the attorney’s fees issue, the trial court ruled that the parties would be fully responsible for their own attorney’s fees and costs. The court explained: “The Court finds both parties were NOT prevailing parties on substantial claims. The Plaintiff lost on his disparagement of title claim. The Defendant lost on the declaratory relief claim. Both were substantial claims for relief.” (Emphasis in original).
 

 The trial court also denied McAllister’s request for an additional trial or hearing on damages on his claim for supplemental relief on count III (the declaratory judgment). It based its denial on this court’s denial of McAllister’s motion for clarification, believing that this meant that McAl-lister was not entitled to supplemental relief. From this order, McAllister appeals.
 

 Perhaps because it did not have a copy of the Association’s response to the motion for clarification, the trial court misconstrued both our instructions and the effect
 
 *408
 
 of our denial of the motion for clarification. We reverse.
 

 First, in
 
 McAllister II
 
 we specifically held that McAllister was entitled to a declaratory judgment in his favor with respect to the parking spot issue. We said:
 

 McAllister’s first argument on appeal is that the trial court erred in declining to enter a declaratory judgment that the parking space assigned to unit 1 was an appurtenance to the unit, thus allowing the 2000 bylaw amendment creating a “one vehicle per space” parking restriction to stand. We agree.
 

 Id.
 
 at 570. Having determined that the trial court erred in failing to grant a declaratory judgment, and reversing on that issue, McAllister was entitled to a declaratory judgment in his favor in accordance with the rulings by our court. It is well-settled that a trial court is without authority to alter or evade the mandate of an appellate court absent permission to do so.
 
 Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp.,
 
 328 So.2d 825, 827 (Fla.1975);
 
 Cone v. Cone,
 
 68 So.2d 886, 887 (Fla.1953). When a case has been decided on appeal, the lower court is bound by the decree as the law of the case, and must carry it into execution according to the mandate.
 
 See Rinker Materials Corp. v. Holloway Materials Corp.,
 
 175 So.2d 564, 565 (Fla. 2d DCA 1965). Our mandate required that the trial court conduct further proceedings in accordance with this court’s opinion. Entering a declaratory judgment in favor of McAllister on his request for declaratory judgment would be consistent with our opinion in
 
 McAllister II.
 

 Because the trial court should have entered a declaratory judgment in McAllister’s favor on count III, McAllister should have thereafter been permitted to file a motion for supplemental relief. Once a declaratory judgment is rendered in a party’s favor, the court
 
 then
 
 considers any motions for supplemental relief. The Declaratory Judgments Act contemplates this procedure for granting supplemental relief following the entry of a declaratory judgment:
 

 Further relief based on a declaratory judgment may be granted when necessary or proper. The application therefor shall be by motion to the court having jurisdiction to grant relief. If the application is sufficient, the court shall require any adverse party whose rights have been adjudicated by the declaratory judgment to show cause on reasonable notice, why further relief should not be granted forthwith.
 

 § 86.061, Fla. Stat.
 

 “It is generally held that a money judgment may be obtained for damages sought as incidental or supplemental relief pursuant to a declaratory decree.”
 
 Thomas v. Cilbe, Inc.,
 
 104 So.2d 397, 402 (Fla. 2d DCA 1958). Thus, supplemental relief “is not limited to declaratory relief but also includes all relief necessary, including money judgments.”
 
 Hill v. Palm Beach Polo, Inc.,
 
 805 So.2d 1014, 1016 (Fla. 4th DCA 2001)
 
 (“Hill TV”).
 

 This case is similar to
 
 Hill
 
 TV where Hill ultimately prevailed in this court in a declaratory judgment action regarding various amendments to property association documents on the grounds that some of those amendments regarding monetary assessments were invalid. We remanded for the trial court to determine which amendments required payments of assessments. On remand, Hill also requested reimbursement of monies paid by the homeowners as a result of those invalid assessments. The trial court denied the request, finding it beyond this court’s mandate. However, we disagreed and explained in
 
 Hill TV
 
 that because the association had been on notice
 
 *409
 
 through the pleadings that Hill would request supplemental relief, the trial court erred in failing to consider that relief which flowed from the declaratory judgment.
 

 Here, as in
 
 Hill TV,
 
 McAllister’s counterclaim clearly places the Association on notice that monetary damages were at issue in his claim for declaratory relief under count III. Just as in
 
 Hill IV,
 
 McAllis-ter should be entitled to assert his claim for supplemental relief in the way of monetary damages once the trial court enters declaratory judgment in his favor.
 

 The trial court believed that our denial of McAllister’s motion for clarification requesting such relief from this court constituted a restriction on the mandate from this court. However, in opposing this motion, the Association noted for this court that this relief was not within the scope of the appeal. In that, it was correct. Supplemental relief is requested
 
 after
 
 the court enters the declaratory judgment. Our denial of the motion for clarification can be construed as no more than refusing to consider an issue not within the scope of that appeal.
 
 Cf. McCreary v. Fla. Residential Prop. & Cas. Joint Underwriting Ass’n,
 
 758 So.2d 692, 695-96 (Fla. 4th DCA 1999) (declining to opine on issue raised in motion for clarification because that issue was not before the appellate court and the trial judge could be relied upon to follow the limited directives of the original opinion).
 

 The Association claims that
 
 McAllister II
 
 already determined that McAllister had no damages as a result of the Association’s restrictions on the parking space. We disagree, although our opinion in
 
 McAllister II
 
 contains certain language that creates some confusion on this point. In
 
 McAllis-ter II,
 
 this court stated:
 

 In his answer to the cross-appeal, McAllister states: “The Association does not appeal the trial court’s decision that its enforcement of invalid bylaws against McAllister during this time period to interfere with his ability to rent his units is an alternative basis for awarding McAllister damages for lost rents. Therefore, the damage award must be affirmed.” We reject this argument, because this “alternative basis” for the damages award was never pled by McAllister. His counterclaim requests damages only for disparagement of title.
 

 Id.
 
 at 575. The final sentence of this passage, if viewed in isolation, would suggest that the only monetary relief sought by McAllister was for disparagement of title, a claim upon which McAllister did not prevail. However, in light of the reversal as to the disparagement of title claim, there was no properly pled basis in the counterclaim to uphold the damages award. In other words, the damages award reversed by this court was not attributable to the “one vehicle per space” parking restriction, as the trial court had specifically rejected McAllister’s claim that this parking restriction was invalid. Contrary to the Association’s argument, McAl-lister’s claim for supplemental relief is not barred by the doctrine of res judicata.
 

 Because we are reversing on McAllis-ter’s claim for supplemental relief, we also reverse the trial court’s denial of prevailing party attorney’s fees to either party. In connection with our disposition of
 
 McAllister II,
 
 our order awarding attorney’s fees to either party was conditioned upon the trial court determining which party ultimately prevailed. In other words, at the conclusion of the litigation, the trial court could award appellate attorney’s fees as well as additional trial court attorney’s fees, depending upon who is the prevailing party in the overall litigation.
 
 See Concept, L.C. v. Gesten,
 
 662 So.2d 970, 974 (Fla. 4th DCA 1995). Because the
 
 *410
 
 results of any supplemental proceedings may affect that claim, the trial court should await the conclusion of all proceedings prior to assessing prevailing party attorney’s fees.
 

 Reversed and remanded for further proceedings consistent with this opinion.
 

 TAYLOR and MAY, JJ., concur.
 

 [1]
 

 . The trial court had ruled, however, that the Association had no authority to prohibit the parking of the motorcycle and demand its removal until 2000, when it enacted a "valid” and "proper” amendment.
 
 Id.
 
 at 569.