MAY, J.
This appeal centers on the parameters of a trial court’s authority upon remand. The appellant argues the trial court exceeded its authority upon remand. We agree and reverse.
The parties to this appeal are the first and second husband of the wife. In the dissolution of the first marriage, the first husband and the wife entered into a marriage settlement agreement in which the wife retained sole ownership of a condominium unit located in London, and required her to pay certain amounts to the first husband in the future.
Subsequently, the first husband brought an action in Illinois against his former wife for violations of the settlement agreement. The trial court found that the former wife owed the first husband $50,000 from a loan, $178,692 on a promissory note, and a third amount of $2,143.68. The first husband subsequently domesticated the Illinois judgment in Florida.
Before the wife married the second husband, she transferred ownership of the London condominium to him in exchange for $60,000 to finance a new business venture. The wife did not record the deed for two years.
Soon after the first husband obtained the Illinois judgment, the wife filed a voluntary chapter 7 petition in the United States Bankruptcy Court. The first husband filed an amended adversary complaint as a creditor. The bankruptcy court denied the first husband’s complaint and published its findings of fact and conclusions of law.
This real estate was owned at one point by [the wife] and it is presently the apartment in which the [the wife’s] father lives.... [The wife] sold the property to [the second husband]....
[The first husband] complains of the following[:] (a) why did [the wife] hold the deed and not record it for some two years after the conveyance? (b) what did [the wife] do with the proceeds from the sale of the London flat? and (c) the price paid for the purchase of the flat was “fishy and unsubstantiated.” It’s been categorized by [the first husband] as a “bogus” transaction. The Court thinks otherwise. There is no dispute as to the source of the funds to pay for it, nor the amount.... The Court further finds that a determination of why it may have taken [the wife] two years to record the deed of conveyance in London, England is irrelevant as a matter of law under § 727(a)(3). It is the failure to keep the recorded information that is the subject matter of the statute. The deed is in evidence and has been preserved by [the wife]. There may be other reasons or *169 causes of actions for failure to record it for two years, but § 727(a)(3) is not one of them.
The answer to what Debtor did with the money from the sale of the flat was unequivocally answered by her, i.e., she put it into [the business venture].
The first husband appealed the findings, but the U.S. District Court affirmed the bankruptcy court’s findings.
The first husband filed the instant case in circuit court, alleging that the former wife had fraudulently transferred the title of the London flat to the second husband. Counsel for the second husband filed an answer and affirmative defenses, but then withdrew from representation. The second husband failed to appear for two depositions, which led the trial court to find him in contempt and strike his pleadings. When the second husband failed to appear at any proceeding for more than a twenty-month period of time, the trial court entered final judgment against the second husband for “willful failure to participate in discovery and other violations of this Court’s pre-judgment orders.”
This apparently got the attention of the second husband, who filed a motion to vacate the default final judgment, which the trial court denied. The second husband appealed the order denying his motion to vacate. We affirmed the default final judgment, but reversed and remanded the case for a trial on damages. Howland v. Schrager, 964 So.2d 751 (Fla. 4th DCA 2007).[1]
On remand, the second husband filed a motion for summary judgment and argued that the doctrines of res judicata and collateral estoppel applied to the bankruptcy court’s findings and barred the default judgment. The trial court agreed and granted the motion. The first husband moved for rehearing, which the court denied. The first husband now appeals.
The first husband argues that upon remand, the trial court was limited to consideration of the damages issue, and the law of the case doctrine barred re-consideration of the default judgment on liability. He further argues that the trial court erred in concluding that the bankruptcy court’s findings precluded a damage award. The second husband responds that this court never considered the issue of collateral estoppel and therefore the law of the case doctrine is inapplicable. He further argues that the trial court correctly gave full faith and credit to the bankruptcy court’s findings.
We have de novo review of summary judgments. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
Once this Court affirmed the default judgment, it became the law of the case thereby bringing finality to the liability issue. Fla. Dep’t of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001); Hill v. Palm Beach Polo, Inc., 805 So.2d 1014, 1016 (Fla. 4th DCA 2001). The trial court was left only with deciding the appropriate remedy under sections 726.108 and 726.109, Florida Statutes (2001). The findings of the bankruptcy court do not apply to either determination on remand.

Reversed and Remanded.

DAMOORGIAN and GERBER, JJ„ concur.

. The second husband filed a petition for review in the Supreme Court of Florida, which declined to consider the case. Howland v. Schrager, 987 So.2d 80 (Fla.2008).