873 So.2d 532 (2004)
Elizabeth GANNON f/k/a Elizabeth Amir, Appellant,
v.
Ofer AMIR, Appellee.
No. 4D03-2141.
District Court of Appeal of Florida, Fourth District.
May 19, 2004.
Thomas R. Eineman of Thomas R. Eineman, P.A., Spring Hill, for appellant.
Stephen Rakusin of Rakusin & Plotka, P.A., Fort Lauderdale, for appellee.
GUNTHER, J.
Elizabeth Gannon and Ofer Amir entered into a Marital Settlement Agreement that was subsequently incorporated into their final dissolution of marriage. The agreement contained terms addressing visitation of their two children. It is these terms that are at issue in Gannon's appeal. We reverse the trial court's interpretation of these terms.
At the time the agreement was negotiated, Gannon was living in Pasco County, having already relocated from Broward County. The agreement established Gannon as the primary residential parent of the children. Amir was provided with one month of visitation during the summer, alternate holidays from school, and weekends. In practice, Amir exercised visitation with the children every other weekend.
The agreement also contained provision 3(d) allowing Amir "substitute visitation" in the event that Gannon relocated:
Husband agrees not to restrict in any manner where the Wife lives. Wife shall use good faith if she desires to relocate with the children for health reasons, economic reasons, professional reasons or if she remarries. In the event that the Wife relocates then the Husband/Father shall be entitled to substitute *533 visitation with the children as is specified in provision 5.
(Emphasis added). Provision 5 of the agreement provided:
In the event that the Wife relocate[s] north of Pasco County, Florida or outside the State of Florida, Husband shall be entitled to extended and/or additional visitation time with the children. Husband may opt to have two months during the summer and the entire Christmas/Hanukkah vacation the children will have from school.
A dispute resulted over the interpretation of these provisions when Gannon moved north of Pasco County to Hernando County.
After Gannon's move to Hernando County, Amir informed Gannon that he would be keeping the children for the entire summer and having visitation with them for the entire Christmas/Hanukkah break. Gannon responded that he was entitled to do so, but that he would not have weekend visitation with the children as a result.
The trial court considered these conflicting interpretations of the agreement at a hearing and concluded that the agreement was ambiguous. The trial court ruled that Amir's interpretation was correct, and awarded Amir summer and Christmas/Hanukkah visitation, in addition to his weekend visitation.
We conclude that the agreement is unambiguous in that it provides for "substitute visitation" should Gannon relocate. The word "substitute" by definition indicates "a person or thing that takes the place of another." Webster's New Collegiate Dictionary 1153 (1980 ed.). Awarding Amir both standard visitation and substitute visitation is at odds with the plain meaning of the term "substitute visitation." Such visitation is intended to substitute for, or take the place of, standard visitation if Gannon moves north of Pasco County and Amir so chooses. Amir is entitled to one or the other, not both.
This conclusion is not altered by the fact that provision 5 uses the term "extended and/or additional visitation time." Provision 5 does not include any reference to weekend visitation as a component of substitute visitation. Rather, the visitation provided for functionally extends or results in additional visitation time as to the standard visitation of the summer and Christmas/Hanukkah vacation. Because Gannon relocated, Amir has the option to receive extended summer visitation (two months instead of one month) and additional holiday visitation (all Christmas/Hanukkah holidays instead of alternating holidays). These terms do not alter or make ambiguous our interpretation of the contract, as Amir may opt for "substitute visitation," accepting extended summer and additional vacation time periods of visitation but relinquishing shorter summer, fewer vacation, and weekend time periods of visitation. As a result, we reverse and remand for entry of a final judgment consistent with this opinion.
As to the issue raised on cross-appeal by Amir, this Court is without jurisdiction. The order appealed in this case reserves ruling on the issue of attorney's fees, and no subsequent order or hearing transcript is included in the record to indicate that a ruling was made on attorney's fees. Because there is no evidence that the trial court entered an order or made a ruling on attorney's fees, this Court has no appealable non-final or final order to consider.
REVERSED AND REMANDED.
FARMER, C.J., and HAZOURI, J., concur.