873 So.2d 611 (2004)
HIGHLANDS CARPENTRY SERVICE, INC., Appellant,
v.
Helen CONNONE, the Estate of Eugene Connone; Broder Construction, Inc., T.M. Scott, Inc., United Subcontractors, Inc., d/b/a West Coast Insulation of Central Florida; and Chambers Truss, Inc., Appellees.
No. 2D03-2053.
District Court of Appeal of Florida, Second District.
May 28, 2004.
*612 James F. McCollum of James F. McCollum, P.L., Sebring, for Appellant.
James V. Lobozzo, Jr., of McClure and Lobozzo, LLC, Sebring, for Appellees.
CASANUEVA, Judge.
Highlands Carpentry Service, Inc., appeals from a final judgment awarding it attorney's fees and court costs following the trial of a foreclosure of a construction lien. Because the trial court abused its discretion in awarding attorney's fees and costs without making specific findings, we reverse.
As the prevailing party in an action brought under chapter 713, Florida Statutes (2000), Highlands is entitled to an award of a reasonable attorney's fee and court costs from appellees Helen Connone and the Estate of Eugene Connone (homeowners). § 713.29. Prior to the fee hearing, counsel for Highlands submitted a sworn affidavit of attorney's fees and costs claiming the following amounts: attorney's fee of $36,150 calculated at an hourly rate of $250 for 144 hours of service; paralegal time of $6026.50 calculated at a rate of $85 per hour for 70.9 hours; and court costs totaling $1850.84, including, among other items, charges for the filing fee of $100.50, service of process fee of $292.92, and a court reporter fee of $985.25.
Immediately before the court took testimony at the fee hearing, counsel for Highlands advised the court that the homeowners' counsel "agreed to stipulate to the reasonableness of the costs except for the copy charges." In response, the homeowners' counsel advised the court that his *613 position was that charges for "fax, long distance and photocopies" were not taxable costs. In a second discussion between counsel during the hearing, Highlands' counsel expressed his belief that the homeowners' counsel had stipulated to all costs except the three categories previously identified; in response, the homeowners' counsel verified that "yes, that's correct."
Both parties submitted testimony on the attorney's fees issue. Highlands' expert witness testified that a reasonable hourly rate for an attorney with the experience of Highlands' counsel for services rendered in Highlands County would be $250. The witness further opined that a reasonable fee in this instance would be $36,150. Regarding paralegal time, the expert witness stated that the rate claimed was within the customary rate in the community of $75 to $85 per hour, that the hours claimed were reasonable, and that an award of $6026.50 would be appropriate.
The homeowners offered an expert witness in opposition, who testified that in Highlands County a reasonable attorney's fee was $200 per hour. However, the expert thought that all the local attorneys charged somewhere between $150 to $200 per hour; he did not offer a specific opinion as to the experience of Highlands' counsel, nor did he testify concerning the amount of time spent on the case. Based on legal services requiring 80 to 100 hours, the expert opined that a reasonable fee would be between $16,000 and $20,000. He also testified that the charges for paralegal time ranged from $50 to $75 per hour.
Following the hearing, the trial court entered an order awarding Highlands an attorney's fee of $15,000. In fashioning the award, the trial court found a reasonable rate to be within $150 to $250 per hour and the time reasonably necessary to handle the matter to range between 100 to 150 hours. This award also included the paralegal claim. The taxable costs awarded totaled $100.50. Although the filing fee was $100.50, the judgment did not specify the exact cost being reimbursed.
We first address the award of attorney's fees. When determining an hourly rate and the number of hours reasonably expended, a trial court is required to set forth specific findings. Fla. Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985). In this instance, although the trial court sought to establish a range of acceptability, Rowe requires more. The court must identify the precise hourly rate as well as the amount of hours reasonably expended. Although normally an "award of attorney's fees is a matter committed to sound judicial discretion which will not be disturbed on appeal, absent a showing of clear abuse of discretion," DiStefano Constr., Inc. v. Fid. & Deposit Co. of Md., 597 So.2d 248, 250 (Fla.1992), we are compelled to reverse and remand for further proceedings because the final judgment lacks the necessary specific findings.
For purposes of remand, we note that the record before this court supports a specific hourly rate between $200 and $250. The homeowners' expert testimony regarding local rates did not specify that the rate was appropriate for Highlands' counsel and therefore cannot serve as the basis for an award. See Beck v. Beck, 852 So.2d 934, 937 (Fla. 2d DCA 2003) ("[I]n making an attorney's fee award in a dissolution proceeding, the trial court must determine the proper amount of fees by considering the hourly rate, the number of hours reasonably expended in the case, and setting forth specific findings" as required by Rowe.); Tucker v. Tucker, 513 So.2d 733, 734 (Fla. 2d DCA 1987) ("[W]e have said that compliance with Rowe requires specific findings as to the hourly *614 rate and the reasonableness of the hours expended."). It will not be necessary for the trial court to take additional testimony on this issue if it maintains a clear recollection of the trial and prior proceedings. However, the court must make a specific finding of the exact number of hours appropriately expended in this matter so the fee can be computed. Moreover, identical findings are required on the paralegal fee claim, where the range supported by the testimony is between $50 and $85 per hour.
Finally, we address the award of court costs. Although we might safely conclude that the court awarded only the cost of the filing fee, the final judgment fails to identify the specific basis for its award. We remand so that the court may make appropriate findings. We affirm the trial court's determination that postage, long distance calls, and fax transmissions are office expenses that should not be taxed as costs. In re Estate of Williams, 771 So.2d 7, 8 (Fla. 2d DCA 2000).
Because our record reveals confusion and ambiguity about the nature and extent of the "stipulation" of counsel as to costs, on remand the trial court may revisit this matter. The parties are directed to clearly delineate the extent of their stipulation; however, we remind the parties that the trial court is not bound to accept it. Although the final judgment indicates that the court elected to reject the stipulation, unfortunately neither the transcript nor the final judgment so indicates. However, if Highlands' counsel had been aware that the court was rejecting the stipulation, he would have had the opportunity to offer evidence on his claim for costs at the hearing. Therefore, on remand, if the trial judge does in fact reject the stipulation, Highlands may submit additional evidence as to costs. Ultimately, however, "the award of costs is left to the sound discretion of the trial court." State, Dep't of Transp. v. Skidmore, 720 So.2d 1125, 1130 (Fla. 4th DCA 1998) (citing Madison v. Midland Nat'l Life Ins. Co., 648 So.2d 1226, 1228 (Fla. 4th DCA 1995)).
Reversed and remanded for further proceedings.
SALCINES and SILBERMAN, JJ., concur.