901 So.2d 961 (2005)
Harold PRIDGEN and Westport Investors, Inc., Appellants,
v.
Elizabeth D. AGOADO and Steven C. Johnson, Appellees.
No. 2D04-3844.
District Court of Appeal of Florida, Second District.
May 11, 2005.
*962 Murray B. Silverstein and Monique E. Parker of Law Offices of Murray B. Silverstein, P.A., St. Petersburg, for Appellants.
Richard J. DaFonte of Law Offices of Richard J. DaFonte, P.A., Largo, for Appellee Agoado.
No appearance for Appellee Steven C. Johnson.
FULMER, Judge.
Harold Pridgen and Westport Investors, Inc., appeal the Final Judgment Appointing Receiver and Default, arguing that the trial court erred because the final judgment grants relief in excess of what was agreed to in a settlement agreement and awards attorney's fees without including requisite findings. We affirm the final judgment but reverse the award of attorney's fees for the reasons explained below.
Florida law requires a trial court to support an award of attorney's fees with specific findings as to a reasonable hourly rate and the hours reasonably expended litigating the issues. Fla. Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985), holding modified on other grounds by Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). At a minimum, an award for attorney's fees "requires a predicate of substantial competent evidence in the form of testimony by the attorney performing services and by an expert as to the value of those services." Cooper v. Cooper, 406 So.2d 1223, 1224 (Fla. 4th DCA 1981). Failure to identify the precise hourly rate and the number of hours reasonably expended constitutes abuse of discretion and will result in reversal of a fee award. Highlands Carpentry Serv., Inc. v. Connone, 873 So.2d 611, 613 (Fla. 2d DCA 2004).
In this case, the final judgment contains no findings as to the number of hours reasonably expended or a reasonable hourly rate. And, there is no evidentiary basis for the trial court's award of fees. The record is devoid of any expert testimony or even the testimony of the attorney who performed the services. When a fee award is not supported by substantial competent evidence in the record, the appellate court will reverse the award without remand for further findings. Tutor Time Merger Corp. v. MeCabe, 763 So.2d 505, 506 (Fla. 4th DCA 2000); Brake v. Murphy, 736 So.2d 745 (Fla. 3d DCA 1999). Therefore, the award of attorney's fees is reversed. No further proceedings are required.
Affirmed in part; reversed in part.
SALCINES and DAVIS, JJ., Concur.