MAY, J.
The father appeals a final order regarding the children’s visitation after a remand from this court. We again reverse and remand the case to the trial court to correct the order concerning the visitation schedule.
The mother and father entered into a marital settlement agreement, which the trial court approved and incorporated into the final judgment of dissolution of marriage. The agreement provided the father with visitation of one month during the summer, alternate holidays from school, and weekends. Due to the distance between Broward and Pasco counties, however, the father exercised his weekend visitation with the children every other weekend.
The agreement further provided a “substitute” visitation schedule if the mother moved north of Pasco County or out of the state. That schedule allowed the father two months visitation during the summer and the “entire Christmas/Hanukkah vacation” from school.
When the mother moved north of Pasco County, the father asked for the time provided in the “substitute” visitation schedule in addition to the time allotted in the original visitation schedule. The mother took the position that the “substitute” visitation was in lieu of the original; not in addition to it. The trial court agreed with the father. The mother appealed. We reversed. Gannon v. Amir, 873 So.2d 532 (Fla. 4th DCA 2004).
In Gannon, we held that although the “substitute” visitation provision indicated it was providing extended or additional visitation, it actually provided a specific option in lieu of the original visitation schedule. We remanded the case to the trial court for entry of a final judgment consistent with our opinion. However, *1050 upon remand, the trial court entered an order containing distinctly different language. We now revisit the issue of visitation for the second time.
A basic principle of appellate review is the trial court lacks the authority to deviate from or go beyond the relief granted or instructions mandated by the appellate court. Hill v. Palm Beach Polo, Inc., 805 So.2d 1014, 1016 (Fla. 4th DCA 2001). After the issuance of a mandate, the trial court’s function is purely ministerial. Savage v. Macy’s E., Inc., 719 So.2d 1208, 1209 (Fla. 3d DCA 1998).
Our prior opinion instructed the trial court to provide the father with the two options called for by the agreement: (1) the original visitation schedule; or (2) the substitute visitation schedule. Despite this simple dictate, the trial court’s order correctly recited only the provisions of the “substitute” visitation schedule as set forth above. It then altered the original visitation schedule option.
In paragraph four, the court limited the father’s weekend visitation to every other weekend from Friday at 4:00 pm until Sunday afternoon, and limited the alternate holidays from school to half of the Christmas/Hanukkah vacation time from school.[1] In paragraph five, the court then added a requirement that the father advise the mother of the visitation schedule he intended to exercise by December 1st of the preceding year.
The original visitation schedule clearly and unambiguously provided the father with visitation every weekend, one month during the summer, and alternate holidays from school. That is what the order should have indicated. There was no room for modification by the trial court.

Reversed and remanded.

STEVENSON, C.J., concurs.
WARNER, J., concurring in part and dissenting in part.

. The court's order properly specified the one month of summer visitation under the original schedule.