WARNER, J.,
dissenting.
I would grant the mother’s motion for rehearing, as she correctly notes that the issue of weekend visitation was already decided and not appealed by the husband in the prior appeal.
During the first proceeding, the trial court specifically determined that the visitation agreement called for the former husband to visit with the children every other weekend. This issue was litigated in the first proceeding, and the court determined, consistent with the parties’ practice, that weekend visitation under the agreement meant visitation every other weekend. Specifically, the final judgment stated: “The court clarifies and interprets the parties’ disagreement as to the former husband’s rights to visitation under the Marital Settlement Agreement as follows: 3. The former husband is entitled to weekend visitation with the minor children, which for the last seven years the parties have defined as every other weekend.”
The wife appealed that order on other grounds, but the husband failed to cross-appeal the trial court’s construction of the agreement as requiring alternating weekend visitation. Our prior opinion noted the parties’ construction of weekend visitation under the agreement as found by the trial court. Gannon v. Amir, 873 So.2d 532 (Fla. 4th DCA 2004).
On remand, and based upon our instructions, the trial court amended the final judgment to reflect our ruling. This was done without an additional evidentiary hearing. Nowhere in our prior order did we direct the court to reconsider its ruling with respect to its interpretation of the every other weekend requirement of visitation. The court entered the amended final judgment, which the former husband then appealed. However, having failed to contest the court’s construction of the agreement by cross-appeal in the first appeal, the former husband should have been precluded from raising the issue of his weekend visitation in this second proceeding. See Sibley v. Sibley, 885 So.2d 980 (Fla. 3d DCA 2004).
The subject of visitation was “implicitly addressed or necessarily considered by the appellate court’s decision,” see Fla. Dep’t of Transp. v. Juliano, 801 So.2d 101, 106 (Fla.2001), so that it is the law of the case. Our prior opinion noted that the former husband exercised visitation with the children every other weekend. The entire subject of the proceedings was the amount of visitation that the former husband could exercise with the children. After determining that the trial court erred in its interpretation of “substitute visitation” under the agreement, we reversed and remanded “for entry of a final judgment consistent with this opinion.” Gannon, 873 So.2d at 533. We did not remand for further proceedings — merely a final judgment consistent with our ruling. Thus, there was no room for proceedings to amend the trial court’s prior ruling that weekend visitation under the agreement meant alternating weekends. As such, I would conclude that the parties are governed by the law of the case.
Moreover, at the very least, the weekend visitation provision in the agreement was ambiguous, which ambiguity was resolved by the trial court. The visitation agreement states: “That the children may visit the husband/father for a period of one month during the Summer; alternate holidays from school; and weekends. The specifics as to all visitation shall be worked out by the parties to their mutual satisfaction in advance of all visitations.” The agreement does not define “weekends” or state that “weekends” means every weekend. Thus, weekends could be contrasted to weekdays. The parties were to work out the visitation to their mutual satisfac *1052 tion and their pattern over seven years, from the time the agreement was executed to these proceedings, was that the former husband exercised visitation on alternating weekends. At the original proceedings, the wife testified that they intended that the husband have alternating weekends. The husband maintained that the agreement required every weekend visitation, even though he never exercised it. The trial court was the trier of fact and resolved the inconsistencies between the parties’ positions. Even if the husband can appeal the weekend designation, we should affirm, because the agreement was ambiguous, and the trial court’s ruling was supported by competent substantial evidence. See Dinallo v. Gunster, Yoakley, Valdes-Fauli & Stewart, P.A., 768 So.2d 468 (Fla. 4th DCA 2000).
Based upon the foregoing, I would now affirm the trial court’s order in its entirety.