WALLACE, Judge.
Joseph Puleo and Florida Pool Finishers, Inc. (FPF), challenge a postjudgment order awarding them $146,500 in attorney’s fees, $1500 in expert witness fees, and $1753.66 in costs against Alan Morris.[1] The circuit court’s award for attorney’s fees was for an amount substantially less than that sought by Mr. Puleo and FPF. Because the circuit court substantially reduced the amount of the fees requested without making findings concerning the number of hours compensable, the reasonable hourly rate, and any other factors considered in arriving at the amount of the award, we reverse the order and remand for the entry of a new order.
I. THE FACTUAL AND PROCEDURAL BACKGROUND
The litigation in the circuit court involved a claim by Mr. Morris and Perform- *249 anee Materials, Inc. (Performance), for the enforcement of a covenant not to compete. Mr. Puleo and FPF ultimately obtained a final summary judgment against Mr. Morris and Performance. Thereafter, Mr. Pu-leo and FPF moved to tax attorney’s fees and costs, asserting that they were entitled to an award of attorney’s fees for defending the action under section 542.335(l)(k), Florida Statutes (2001), among other grounds. Section 542.335(l)(k) provides, in pertinent part, that “[i]n the absence of a contractual provision authorizing an award of attorney’s fees and costs to the prevailing party, a court may award attorney’s fees and costs to the prevailing party in any action seeking enforcement of, or challenging the enforceability of, a restrictive covenant.”
At the hearing on the motion to tax attorney’s fees and costs, the circuit court first determined that as the prevailing parties, Mr. Puleo and FPF were entitled to recover their reasonable attorney’s fees and costs under section 542.335(l)(k). Next, Mr. Puleo and FPF introduced into evidence the detailed time and billing records prepared by their counsel, Brett Wadsworth, P.A., and Gatlin & Birch, P.A., as Exhibits A and B respectively. Mr. Wadsworth requested a total of $204,310 in attorney’s fees; the amount requested for Mr. Gatlin of Gatlin & Birch was $18,555. Mr. Wadsworth, Mr. Puleo, and an expert witness testified in support of the fees requested. Counsel for Mr. Morris cross-examined Mr. Wadsworth and the mov-ants’ expert witness, but she did not offer any evidence in opposition to the fee motion.
At the conclusion of the hearing, the circuit court awarded all of the costs requested. However, with regard to the attorney’s fees, the court ruled as follows:
I don’t doubt that you expended all those hours in the case. I have to make a determination what I think is reasonable in light of this case. I know it stretched over several years.
[[Image here]]
A reasonable fee will be $135,000 for Mr. Wadsworth. And Mr. Gatlin—
[[Image here]]
$11,500. Looking at the Exhibit A and B and that’s what I determined is a reasonable fee in this case. And I’m not questioning the time you put in, I’m not questioning your rate, it’s reasonable. I think with this litigation, three volumes, court files, that’s what I think is reasonable.
After the hearing, the circuit court entered an amended final order awarding Mr. Pu-leo and FPF $135,000 in attorney’s fees for Mr. Wadsworth’s services and $11,500 in attorney’s fees for Mr. Gatlin’s services. The order does not contain any findings concerning the reasonable number of hours expended by each attorney, reasonable hourly rates for their services, or any other factors considered by the circuit court in its ruling substantially reducing the requested attorney’s fees. This appeal followed.
II. DISCUSSION
On appeal, Mr. Puleo and FPF argue that the circuit court erred in entering an order significantly reducing the requested amounts of attorney’s fees without making any findings concerning the reasonable hours expended, the reasonable hourly rates, or the specific reasons for reducing the requested fees. We agree. See Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985); see also Riveiro v. J. Cheney Mason, P.A., 82 So.3d 1094, 1098 (Fla. 2d DCA 2012) (holding that the trial -court erred in making a fee award without making findings concerning the reasonable hourly rate and the amount of hours reasonably expended); Pridgen v. *250 Agoado, 901 So.2d 961, 962 (Fla. 2d DCA 2005) (“Florida law requires a trial court to support an award of attorney’s fees with specific findings as to a reasonable hourly rate and the hours reasonably expended litigating the issues.”); Highlands Carpentry Serv., Inc. v. Connone, 873 So.2d 611, 613 (Fla. 2d DCA 2004) (“When determining an hourly rate and the number of hours reasonably expended, a trial court is required to set forth specific findings.”). “Failure to identify the precise hourly rate and the number of hours reasonably expended constitutes an abuse of discretion and will result in reversal of a fee award.” Pridgen, 901 So.2d at 962. Here, the circuit court’s omission to make the required findings requires reversal of the order under review.
Mr. Puleo and FPF ask that on remand we direct the circuit court to award them attorney’s fees in amounts consistent with the uncontroverted evidence presented at the hearing. Although the evidence presented by Mr. Puleo and FPF at the hearing was uncontroverted, the circuit court is not bound by the time and billing records presented or by the expert witness’s testimony about the reasonableness of the fees requested. A trial court may reduce attorney’s fees that it determines to be excessive if it makes the requisite findings to support that determination. Parton v. Palomino Lakes Prop. Owners Ass’n, 928 So.2d 449, 453 (Fla. 2d DCA 2006). This court has noted that a trial judge is “not bound by the expert opinions or attorney affidavits in setting the award” but may not drastically reduce the number of hours agreed-upon by the expert witnesses without making specific findings. D’Alusio v. Gould & Lamb, LLC, 36 So.3d 842, 846-47 (Fla. 2d DCA 2010); see also Southpointe Homeowners Ass’n v. Segarra, 763 So.2d 1186, 1187 (Fla. 4th DCA 2000) (noting that trial judges are not bound by unrebutted expert testimony and can determine that some of the work performed was unnecessary). Here, the circuit judge’s comments suggest that he found some of the time expended by the attorneys to be excessive based on the nature and extent of the litigation.
III. CONCLUSION
For the foregoing reasons, we affirm the circuit court’s order to the extent that it determines that Mr. Puleo and FPF are entitled to their reasonable attorney’s fees under section 542.335(l)(k). We also affirm the awards of expert witness fees and costs. We reverse the order to the extent that it determines the amount of reasonable attorney’s fees for the services of Mr. Wadsworth and Mr. Gatlin. We remand for the circuit court to make the requisite findings concerning the reasonable hourly rate, the hours reasonably devoted to the case, and any other pertinent factors and to enter an amended order determining the reasonable attorney’s fees based on those findings.
We note that the hearing on the motion for attorney’s fees was held in March 2008, over four years ago. Although we do not require that the circuit court hold a new evidentiary hearing, the circuit court may do so if it deems such a hearing necessary.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and CRENSHAW, JJ., Concur.

. Mr. Morris has not filed a brief with this court.