PER CURIAM.
Daniel Delmonico appeals a final order awarding attorney’s fees and costs to Donovan Marine, Inc. (“DMI”). DMI cross-appeals. Of the issues raised on appeal and cross-appeal, we find that two have merit. We find that the trial court abused its discretion in failing to make specific findings as to the number of hours reasonably expended and in awarding nontaxable costs as a sanction under section 768.79, Florida Statutes (2011). As to these issues, we reverse. We find the other issues raised on appeal and cross-appeal lack merit and affirm those issues without discussion.
By way of background, Delmonico filed a complaint against Crespo and his employer, DMI, alleging that Crespo made defamatory statements and that DMI was vicariously liable. Crespo admitted to making the statements and ultimately settled. The case went to trial against DMI, and the jury found in favor of DMI, concluding that Delmonico was not damaged by the defamation. DMI then served a motion for attorney’s fees under the offer of judgment statute, section 768.79. The trial court denied the motion for attorney’s fees, and this court reversed in Donovan Marine, Inc. v. Delmonico, 40 So.3d 69 (Fla. 4th DCA 2010).
In its amended motion for attorney’s fees, DMI sought $988,981.50 for 2,381.7 hours of attorney and paralegal time incurred by Akerman Senterfitt in its representation of DMI. In addition, DMI sought $75,533.23 for routine expense items including postage, photocopies, telephone tolls, facsimiles, FedEx, couriers, Westlaw and Lexis computerized research, hotel during trial, working meals, parking fees, mileage, CPA forensic accounting fees, and jury selection consultant fees.
After an evidentiary hearing, the trial court found that “the reasonable number of attorney (including paralegals) hours expended to be between 1800 to 1900 hours for an award of $830,250.00 in attorney fees.” As to the request for $75,533.23 in expenses, the trial court found that many of these expenses constituted normal overhead. Other expenses, such as unnecessary hotel bills were “under no circumstances ... recoverable].” Nevertheless, reasoning that section 768 is a form of sanction, the court allowed “a portion of expenses to [be] recovered for a total of $25,000.00, to compensate (in part) for items such as the jury selection consultant, CPA damage expenses, etc.” This appeal and cross-appeal follow.
Delmonico asserts that the trial court abused its discretion by awarding attorney’s fees without making specific findings as to the number of hours reasonably expended. An order awarding attorney’s fees is “fundamentally erroneous on its face” when the trial court fails “to make specific findings as to the hourly rate, the *579 number of hours reasonably expended, and the appropriateness of reduction or enhancement factors as required by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985)." Baratta v. Valley Oak Homeowners’ Ass’n at the Vineyards, Inc., 891 So.2d 1063, 1065 (Fla. 2d DCA 2004). “The court must identify the precise hourly rate as well as the amount of hours reasonably expended.” Highlands Carpentry Serv., Inc. v. Connone, 873 So.2d 611, 613 (Fla. 2d DCA 2004). In Connone, the final judgment lacked the necessary specific findings where the trial court found that the time reasonably necessary to handle the case was “between 100 to 150 hours.” Id. Similarly, here the final judgment lacked the necessary specific findings in that the trial court found the reasonable number of hours was “between 1800 and 1900 hours.” DMI concedes that the order is deficient because it does not make a specific finding as to the total number of hours reasonably incurred. As such, we reverse and remand for the trial court to make the necessary findings.
Delmonico also contends that the trial court abused its discretion by awarding $25,000 in nontaxable costs as a sanction under section 768.79, Florida Statutes. “The taxation of costs in any particular proceeding is within the broad discretion of the trial court.” In re Amendments to Uniform Guidelines for Taxation of Costs, 915 So.2d 612, 616 (Fla.2005). The moving party has the burden of showing “that all requested costs were reasonably necessary either to defend or prosecute the case at the time the action precipitating the cost was taken.” Id. “[N]ontaxable costs are not recoverable pursuant to section 768.79.” C & S Chems. Inc. v. McDougald, 754 So.2d 795, 797 (Fla. 2d DCA 2000).
Contrary to section 768.79, the trial court included nontaxable costs as components of the $25,000 award. First, the trial court identified “CPA damage expenses” as expenses for which it partially reimbursed DMI. The Statewide Uniform Guidelines for Taxation of Costs in Civil Actions advise that expenses for expert witnesses who testify should be taxed, while expenses related to consulting but non-testifying experts should not be taxed. In re Amendments to Uniform Guidelines for Taxation of Costs, 915 So.2d at 616-17; see also Broward Cnty. v. LaPointe, 685 So.2d 889, 893 (Fla. 4th DCA 1996) (fees attributable to services as a litigation consultant were not recoverable under section 73.091, which authorizes an award of costs in eminent domain cases). Because the accountants at the CPA firm were consulting experts and not testifying experts, those expenses should not have been taxed.
The trial court also identified expenses for the jury selection consultant as an expense for which it partially reimbursed DMI. The uniform guidelines do not address jury consultants, nor are there any Florida cases addressing the issue. We agree with other jurisdictions which have held that costs and fees associated with jury consultants are not recoverable. See Jorling v. Habilitation Servs., Inc., 2005 WL 1657060, at *12 (S.D.Ohio July 14, 2005) (collecting cases and holding that jury consultant fees were not recoverable as attorney’s fees or costs). Further, the other routine expenses for which DMI sought to be reimbursed also are not recoverable. See Dep’t of Transp. v. Skidmore, 720 So.2d 1125, 1130 (Fla. 4th DCA 1998) (trial court abused its discretion in taxing postage, long distance calls, fax transmissions, delivery services, travel expenses, and computer research costs).
DMI suggests that the expense award can be upheld as an “upward ad *580 justment of the lodestar fee” or as a “sanction against a vexatious serial litigant.” However, DMI did not advance those arguments below, and it does not appear from the record that the trial court intended to award the expenses under either of these grounds.
For the foregoing reasons, we reverse the attorney’s fee award to the extent it fails to make specific findings as to the number of hours reasonably expended, and we remand for the trial court to make the requisite findings. We also reverse the $25,000 expense award, as none of the enumerated costs listed by the court, or requested by DMI, are taxable. See Jorling, 2005 WL 1657060, at *12; Skidmore, 720 So.2d at 1130. We affirm on all other issues.

Affirmed in part, reversed in part, and remanded with directions.

STEVENSON, GERBER and LEVINE, JJ., concur.