PER CURIAM.
Marcee Liberatore appeals an order that disbursed certain marital assets and liabilities, arguing that it violated this Court’s mandate in Liberatore v. Liberatore, 101 So.3d 1290 (Fla. 5th DCA 2012). We agree, and thus, reverse.
In the initial appeal, this Court addressed whether the trial court erred in distributing depleted marital assets in an equitable distribution scheme without a finding of misconduct. We found that the *77 trial court erred, and reversed and remanded for reconsideration of the distribution scheme to address this issue.
On remand, a lower court must strictly follow the instructions of an appellate court mandate. See, e.g., Amir v. Amir, 925 So.2d 1048, 1050 (Fla. 4th DCA 2006); Akins v. Akins, 839 So.2d 910, 911 (Fla. 5th DCA 2003) (finding that the trial court “properly recognized, in connection with the issue raised by former husband, that it was not authorized to deviate from the terms of the appellate court’s instructions”). Accordingly, a lower court’s function in implementing the directions in an appellate court’s mandate are purely ministerial, and the court may not deviate from those instructions. Amir, 925 So.2d at 1050.
Typically, when a lower court commits reversible error in valuing or distributing marital assets, the entire distribution plan must be reversed and reconsidered on remand. See Banton v. Parker-Banton, 756 So.2d 155, 156 (Fla. 4th DCA 2000). This is because each division and distribution of a marital asset and liability is interrelated to form an overall scheme fair to both parties. See Kincart v. Kincart, 572 So.2d 530, 531 (Fla. 2d DCA 1990). However, in some instances, an error in an equitable distribution plan can be corrected in isolation; in those circumstances, an appellate court may direct the lower court to correct only that error in isolation. Cf. Tilchin v. Tilchin, 51 So.3d 596, 597-98 (Fla. 2d DCA 2011).
Even if our previous mandate could be read as instructing the lower court to correct only the issue of the depleted marital assets, the court strayed from our directions. At the behest of Mr. Liberatore, the lower court addressed issues relating to the post-judgment sale of the martial residence while reconsidering the distribution of the depleted marital assets. We reverse and remand for reconsideration of the entire equitable scheme.
REVERSED and REMANDED.
TORPY, C.J., SAWAYA and COHEN, JJ., concur.