DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DONOVAN MARINE, INC.,**
Appellant,

v.

**DANIEL DELMONICO,**
Appellee.

No. 4D14-2029

[August 26, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale Ross, Judge; L.T. Case No. 03-19435CACE08.

A. Rodger Traynor, Jr. of Akerman LLP, Miami, for appellant.

Ismael Diaz of Law Office of Ismael Diaz, P.L., Coral Gables, for appellee.

PER CURIAM.

Appellant Donovan Marine, Inc. timely appeals the amended final judgment for attorneys' fees and costs entered in its favor and against Appellee Daniel Delmonico ("Delmonico"). This is the third appeal to this court concerning attorneys' fees awardable to Appellant. For the reasons stated below, we reverse the trial court's order of attorneys' fees and remand once again for further findings consistent with this and prior opinions.

**Facts**

In 2008, the jury rendered a verdict in favor of Appellant, while the trial court reserved jurisdiction to award judgment to Appellant for its taxable court costs and reasonable attorneys' fees. In 2010, we held that Appellant was entitled to reasonable attorneys' fees from Delmonico, both for the five years of work leading up to the final judgment, and for the three appeals that arose post-judgment, all of which were resolved in favor of Appellant.

After our 2010 decision, the trial court conducted a two-day evidentiary hearing on Appellant's amended motion for fees and costs. Each party stipulated that the hourly rates charged by Appellant's attorney were

reasonable and that the trial court needed to determine only the total number of appropriate hours expended. The trial court found the reasonable number of attorney and paralegal hours expended to be between 1800 and 1900 for an award of $830,250.00 plus interest.

Subsequently, Delmonico appealed the amount of the award against him. Both parties conceded, and we agreed, that it was error for the trial court to use a range (1800-1900) of allowable hours rather than finding the specific number of hours reasonably expended. *Delmonico v. Crespo*, 127 So. 3d 576, 579 (Fla. 4th DCA 2012). Based on that conclusion, we reversed the fee awarded to Appellant "to the extent it fails to make specific findings as to the number of hours reasonably expended, and we remand for the trial court to make the requisite findings." *Id.* at 580.

On the second remand, the trial court entered the order now under review. The trial court again noted that neither party challenged the reasonableness of the hourly rates provided by Appellant. The trial court conceded that it erred in its prior order by making an unspecified "across the board" reduction of the daily time entries that had been "block-billed." In its order, the trial court found that out of the 1960 hours shown to have been expended by Appellant's lead counsel, the reasonable number of hours expended was 1734. Additionally, contrary to our mandate, the trial court multiplied the total hours by a "blended hourly rate of $450" to yield an award of $780,300.

In its third appeal to this court regarding the matter of attorneys' fees, Appellant argues that the trial court erred in substituting a "blended hourly rate" for the rate to which the parties and the trial court previously agreed. Additionally, Appellant maintains that the trial court erred in failing to identify specifically the 226 hours attributed to its lead counsel which the trial court did not approve.

## Analysis

"When a case has been decided on appeal, the lower court is bound by the decree as the law of the case, and must carry it into execution according to the mandate." *McAllister v. Breakers Seville Ass'n,* 41 So. 3d 405, 408 (Fla. 4th DCA 2010). However, a trial court's findings as they relate to attorneys' fees are reviewed for an abuse of discretion. *DiStefano Constr., Inc. v. Fid. & Deposit Co. of Md.,* 597 So. 2d 248, 250 (Fla. 1992) ("[T]he award of attorney's fees is a matter committed to sound judicial discretion which will not be disturbed on appeal, absent a showing of clear abuse of discretion.").

2

In *Hill v. Palm Beach Polo, Inc.*, 805 So. 2d 1014, 1016 (Fla. 4th DCA 2001), we agreed with the Second District regarding the scope of the trial court's duty on remand and said:

> When a case has once been decided on appeal the circuit court is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than its execution; or give any other further relief further than to settle so much as has been remanded.

*Id.* (quoting *Rinker Materials Corp. v. Holloway Materials Corp.*, 175 So. 2d 564, 565 (Fla. 2d DCA 1965)). This court continued its analysis of the proper scope of a trial court's authority on remand in *Amir v. Amir*, 925 So. 2d 1048 (Fla. 4th DCA 2006). In *Amir*, we said, "A basic principle of appellate review is the trial court lacks the authority to deviate from or go beyond the relief granted or instructions mandated by the appellate court. After the issuance of a mandate, the trial court's function is purely ministerial." *Id.* at 1050 (internal citation omitted).

In the case at hand, our directive to the trial court was clear and unambiguous: "[W]e reverse the attorney's fee award to the extent it fails to make specific findings as to the number of hours reasonably expended, and we remand for the trial court to make the requisite findings." *Delmonico*, 127 So. 3d at 580. The trial court then proceeded to choose a different hourly rate than the stipulated rate agreed upon by the parties and reduced the number of hours it determined had been reasonably expended without providing any explanation. These actions deviated from the mandate which directed the trial court only to explain its specific finding as to the number of hours reasonably expended.

Additionally, had the lower court been free to revisit the hourly rate used to calculate the fees owed, the record lacks any competent evidence showing that $450 was the proper blended rate to apply. The rates used in calculating the amount of the fees were never in dispute amongst the parties and the *sua sponte* addition of a blended hourly rate was in excess of the mandate of this court.

While a trial court has broad discretion when determining the reasonable amount of attorney hours expended, "it is well-settled that an award of attorney's fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended . . . ." *Mitchell v. Mitchell*, 94 So. 3d 706, 707 (Fla. 4th DCA 2012). In *Mitchell*, we held:

Here, the trial court's order contains insufficient findings; it does not comply with the requirement that the court make express findings regarding the number of hours reasonably expended . . . . Furthermore, the trial court's order fails to explain the basis for a reduction in fees which the court determined was for "multiple lawyers on the same matter." While this reduction may have been warranted, the trial court should make a specific finding explaining which work was duplicative.

*Id.* at 707-08. The order under review in the instant case gives no indication as to which hours among the 1960 expended by Appellant's lead counsel were disallowed, or why. Delmonico's expert did not identify any time expended by Appellant's counsel that was not necessary. Consequently, we are left in the position of having to speculate as to the trial court's specific findings for disallowance of the 226 hours. The trial court's lack of specific findings in its order renders the judgment incapable of appellate review and accordingly is in error. *See, e.g., Puleo v. Morris*, 98 So. 3d 248, 249-50 (Fla. 2d DCA 2012) (finding trial court error "in entering an order significantly reducing the requested amounts of attorney's fees without making any findings concerning the reasonable hours expended, the reasonable hourly rates, or the specific reasons for reducing the requested fees").

**Conclusion**

Because the trial court substituted a blended hourly rate for the stipulated rates provided in evidence and failed to make specific findings as to the disallowed hours, the trial court exceeded this court's mandate. As such, we reverse the trial court's order with instructions to recalculate the total amount of fees awardable using the stipulated rates and to provide specific findings as to which hours expended by Appellant's lead counsel were disallowed and the reason(s) for their disallowance.

*Reversed and Remanded with instructions.*

DAMOORGIAN, GERBER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***