DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARK L. JONES,**
Appellant,

v.

**BANK OF AMERICA, N.A.,**
Appellee.

No. 4D2023-2648

[November 20, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Judge; L.T. Case No. CACE12027301.

Kenzie N. Sadlak of Kenzie N. Sadlak, P.A., Miami, for appellant.

Eric M. Levine and Adam G. Schwartz of Atlas | Solomon, PLLC, Stuart, for appellee.

GROSS, J.

Although an amended final judgment awarding attorney's fees failed to make the findings required by *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985), we affirm because the appellant failed to preserve for appellate review his objections to the judgment's deficiencies.

In June of 2023, we affirmed a final judgment of foreclosure in favor of appellee Bank of America. We also ruled that the bank was entitled to recover appellate attorney's fees.

On remand, the bank moved to amend the final judgment of foreclosure to add appellate attorney's fees and additional trial court fees. The bank supported its motion with affidavits regarding fees and costs.

After conducting a hearing on October 2, 2023, the circuit court entered an amended final judgment on October 9, 2023. Nothing in the record reflects that Jones asked for an evidentiary hearing. No transcript of the hearing appears in the record. No attempt was made to reconstruct the

record under Florida Rule of Appellate Procedure 9.200(b)(5). The amended judgment does not contain the findings required by *Rowe* regarding a reasonable hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors.

Jones did not move for rehearing.

On appeal, Jones first argues that the trial court erred in failing to hold an evidentiary hearing. But Jones failed to preserve this argument because nothing in the record demonstrates that he either requested an evidentiary hearing or objected to the lack of one at the October 2nd hearing. *See Petrovsky v. HSBC Bank, USA*, 185 So. 3d 700, 702 (Fla. 4th DCA 2016) (explaining that by "requesting that the court hold an evidentiary hearing on the issue of attorney's fees, appellants preserved their right to a hearing"); *Dawson v. Hernandez*, 300 So. 3d 248, 253 (Fla. 4th DCA 2020) (holding that the defendant preserved his objection to the lack of an evidentiary hearing by "filing various post judgment motions to reconsider, rehear, set aside, and vacate the judgments").

Jones also argues that the trial court did not make the necessary *Rowe* findings to award attorney's fees.

A line of our cases has treated a judgment for attorney's fees order "fundamentally erroneous on its face" when it fails to include specific findings as to the *Rowe* factors. *See Guardianship of Halpert v. Rosenbloom*, 698 So. 2d 938, 939 (Fla. 4th DCA 1997) (holding that "the lack of a transcript did not preclude appellate review because the order was fundamentally erroneous on its face for failing to make express findings concerning the *Rowe* factors"); *Delmonico v. Crespo*, 127 So. 3d 576, 578–79 (Fla. 4th DCA 2012) (stating that "[a]n order awarding attorney's fees is fundamentally erroneous on its face when the trial court fails to make specific findings" as to the factors required by *Rowe*) (internal quotation marks omitted).[1]

We conclude that *Rosenbloom* and *Delmonico* have been superseded by the Florida Supreme Court's 2023 amendments to Florida Rule of Civil Procedure 1.530(a).

---

[1] Recently, in *Julia v. Ramos-Baez*, No. 6D2023-1858, 2024 WL 3909339, at *4 (Fla. 6th DCA Aug. 23, 2024), the Sixth District certified conflict with *Rosenbloom* and held that "a trial court's order awarding attorneys' fees pursuant to *Rowe* is not fundamentally erroneous on its face for failing to include written findings as to the *Rowe* factors."

On April 27, 2023, the Florida Supreme Court amended rule 1.530(a) to read:

> **Jury and Non-Jury Actions.** A new trial may be granted to all or any of the parties and on all or a part of the issues. *To preserve for appeal a challenge to the failure of the trial court to make required findings of fact, a party must raise that issue in a motion for rehearing under this rule.* On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony, and enter a new judgment.

*In re Amends. to Fla. Rule of Civ. Proc. 1.530 & Fla. Fam. L. Rule of Proc. 12.530,* No. SC2022-0756, 2023 WL 3104357, at *1 (Fla. Apr. 27, 2023), *reh'g denied,* No. SC2022-0756, 2023 WL 6885831 (Fla. Oct. 19, 2023), *opinion revised and superseded,* 373 So. 3d 1115 (Fla. Oct. 19, 2023) (emphasis supplied).

The Florida Supreme Court observed that the April 2023 amendment makes the rule "applicable to all orders, not just final judgments, and makes clear that the rules apply only when a judge is required to make specific findings of fact and not when a party seeks to make other challenges to a trial court's order." *Id.* The court made the new rule "effective immediately upon the release of" the opinion on April 27, 2023. *Id.*

In October 2023, the Florida Supreme Court further tweaked the language of rule 1.530(a) to provide:

> **Jury and Non-Jury Actions.** A new trial may be granted to all or any of the parties and on all or a part of the issues. *To preserve for appeal a challenge to the failure of the trial court to make required findings of fact <u>in the final judgment</u>, a party must raise that issue in a motion for rehearing under this rule.* On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony, and enter a new judgment.

*In re Amends. to Fla. Rule of Civ. Proc. 1.530 & Fla. Fam. L. Rule of Proc. 12.530,* 373 So. 3d 1115, 1116 (Fla. 2023) (emphasis supplied). The court explained that the further "change makes clear that the rules apply only when a judge is required to make specific findings of fact and not when a party seeks to make other challenges to a trial court's order." *Id.* at 1115.

As it did in April, the court stated that the amendments "shall become effective immediately upon the release of this opinion," which issued on October 19, 2023. *Id.*

The October tweak to rule 1.530(a) did not change the substance of the amendment to the rule which took effect in April 2023. Therefore, the October 9 amended final judgment was subject to the April 2023 amendment to rule 1.530(a).

The *Rowe* findings in attorney's fee awards are "required findings of fact" within the meaning of rule 1.530(a), as amended. Jones did not move for rehearing and point out the deficiency in the trial court's findings of fact. Therefore, the trial court's failure to make the required *Rowe* findings was not preserved for appellate review.

*Affirmed.*

WARNER and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4